# EXHIBIT 1

## (Executed Settlement Agreement)

Exhibit 1 - 27

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release, dated December 12, 2025, is made and entered into by and among the Plaintiffs/Class Representatives, for themselves individually, and on behalf of the Settlement Class, and Absolute Dental Group, LLC ("Absolute Dental"). This Settlement Agreement fully and finally resolves and settles all of Plaintiffs' and the Settlement Class's Released Claims against the Released Parties, upon and subject to the terms and conditions hereof, and subject to the Court's approval.

### RECITALS

**WHEREAS**, on February 26, 2025, Absolute Dental became aware of a potential issue involving its information systems and, after an investigation, determined that, between February 19, 2025 and March 5, 2025, an unauthorized party accessed some of Absolute Dental's systems and potentially exfiltrated information pertaining to certain of Absolute Dental's patients and employees;

**WHEREAS**, in connection with the Data Incident, the Personal Information of approximately 1,223,437 individuals in the United States was potentially compromised;

**WHEREAS**, beginning in June 2025, multiple putative class actions were filed in the United States District Court for District of Nevada and in Nevada state court asserting claims and seeking remedies relating to the Data Incident. Following voluntary dismissal of the state court actions, on June 25, 2025, Plaintiffs from those actions were added to a comprehensive First Amended Complaint (ECF No. 9) in the Action;

**WHEREAS,** on September 19, 2025, the Court appointed Interim Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23(g) (ECF No. 49);

**WHEREAS,** Plaintiffs filed the operative Second Amended Complaint (ECF No. 48), adding Judge Consulting, Inc. as an additional named defendant;

**WHEREAS**, Plaintiffs and Absolute Dental agreed to attend mediation on October 29, 2025, to determine whether they could resolve the litigation on a class-wide basis as to Absolute Dental only;

**WHEREAS**, in preparation for the scheduled mediation, the Plaintiffs and Absolute Dental requested and exchanged certain additional information related to the Data Incident and the Action. They also prepared for mediation by laying out their respective positions on the litigation, including with respect to the merits, class certification, and settlement, in detailed confidential mediation statements;

**WHEREAS**, in the weeks prior to the mediation, Class Counsel and Absolute Dental maintained an open dialogue concerning the contours of a potential agreement to begin settlement negotiations, and Plaintiffs also provided a settlement demand to Absolute Dental;

Exhibit 1 - 28

**WHEREAS**, on October 29, 2025, the Plaintiffs and Absolute Dental engaged in remote, all-day mediation session before Bennett G. Picker, Esq., of Stradley Ronon LLP. The mediation assisted Plaintiffs and Absolute Dental in resolving their dispute. With the aid and assistance of the mediator, they reached an agreement in principle to settle this matter as to Absolute Dental only, and thereafter they were able to finalize all the terms of this Settlement Agreement and related documents. The proposed Settlement does not impact the ongoing litigation between Plaintiffs and JCI or seek to release any of Plaintiffs' claims against JCI;

**WHEREAS**, pursuant to the terms set forth below, this Agreement resolves all actual and potential claims, actions, and proceedings related to the Data Incident that were brought or could have been brought, as set forth more fully in the release contained herein, by Plaintiffs and on behalf of members of the Settlement Class defined herein against Absolute Dental but excludes the claims of all Class Members who opt out from the Settlement Class pursuant to the terms and conditions herein;

**WHEREAS**, Class Counsel, on behalf of Plaintiffs and the Settlement Class, have thoroughly examined the law and facts relating to the matters at issue in the Action, Plaintiffs' claims, and Absolute Dental's potential defenses, including conducting independent investigation and confirmatory discovery, conferring with Absolute Dental's Counsel through the settlement negotiation process, as well as conducting an assessment of the merits of expected arguments and defenses throughout the litigation, including on a motion for class certification. Based on a thorough analysis of the facts and the law applicable to Plaintiffs' claims in the Action, and taking into account the burden, expense, and delay of continued litigation, including the risks and uncertainties associated with litigating class certification and other defenses Absolute Dental may assert, a protracted trial and appeal(s), as well as the opportunity for a fair, cost-effective, and assured method of resolving the claims of the Settlement Class as against Absolute Dental, Plaintiffs and Class Counsel believe that resolution is an appropriate and reasonable means of ensuring that the Class is afforded important benefits expediently. Plaintiffs and Class Counsel have also taken into account the uncertain outcome and the risk of continued litigation, as well as the difficulties and delays inherent in such litigation;

**WHEREAS**, Plaintiffs and Class Counsel believe that the terms set forth in this Settlement Agreement confer substantial benefits upon the Plaintiffs and the Settlement Class and have determined that they are fair, reasonable, adequate, and in the best interests of Plaintiffs and the Settlement Class;

**WHEREAS**, Absolute Dental has similarly concluded that this Agreement is desirable in order to avoid the time, risk, inconvenience, distraction, and expense of defending protracted litigation, and to resolve finally and completely the claims of Plaintiffs and the Settlement Class;

**WHEREAS**, this Agreement, whether or not consummated, and any actions or proceedings taken pursuant to this Agreement, are for settlement purposes only. Absolute Dental specifically denies any and all wrongdoing. The existence of, terms in, and any action taken under or in connection with this Agreement shall not constitute, be construed as, or be admissible in evidence as, any admission by Absolute Dental of (i) the validity of any claim, defense, or fact asserted in the Action or any other pending or future action, or (ii) any wrongdoing, fault, violation of law, or liability of any kind on the part of the Parties.

Exhibit 1 - 29

**WHEREAS**, the foregoing Recitals are true and correct and are hereby fully incorporated in, and made a part of, this Agreement.

**NOW, THEREFORE**, in consideration of the promises, covenants, and agreements herein described and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, the Parties do hereby mutually agree, as follows:

1.    **DEFINITIONS**

As used in this Agreement, the following terms shall be defined as follows:

1.1    "Action" means the putative class action lawsuit captioned *Jordan, et al. v. Absolute Dental Group, LLC, et al.*, No. 2:25-cv-00986, filed on June 4, 2025, in the United States District Court for the District of Nevada and pending before the Honorable Jennifer A. Dorsey.

1.2    "Administrative Expenses" means all charges and expenses incurred by the Settlement Administrator in the administration of this Settlement, including, without limitation, all expenses and costs associated with claims administration, the Notice Plan, and with providing Notice to the Settlement Class. Administrative Expenses also include all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement. Administrative Expenses do not include any fees or costs incurred satisfying Absolute Dental's obligations under 28 U.S.C. § 1715, which will be the responsibility of Absolute Dental.

1.3    "Agreement" or "Settlement Agreement" means this Class Action Settlement Agreement and Release. The terms of the Settlement Agreement are set forth herein including the exhibits hereto.

1.4    "Approved Claim(s)" means a claim as evidenced by a Claim Form submitted by a Class Member that (a) is timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement; (b) is physically signed or electronically verified by the Class Member; (c) satisfies the conditions of eligibility for a Settlement Benefit as set forth herein; and (d) has been approved by the Settlement Administrator.

1.5    "Absolute Dental" or "Absolute Dental Group, LLC" or "Defendant" means Defendant Absolute Dental Group, LLC.

1.6    "Absolute Dental's Counsel," or any other references to counsel for Absolute Dental, means attorney Sean G. Wieber and other attorneys at the law firm of Winston & Strawn LLP.

1.7    "Business Days" means Monday, Tuesday, Wednesday, Thursday, and Friday, excluding holidays observed by the federal government.

Exhibit 1 - 30

1.8    "Claimant" means a Class Member who submits a Claim Form for a Settlement Payment.

1.9    "Claim Form" means the form substantially in the form attached hereto as **Exhibit A**, as approved by the Court. The Claim Form must be submitted physically (via U.S. Mail) or electronically (via the Settlement Website) by Class Members who wish to file a claim for Settlement Benefits pursuant to the terms and conditions of this Agreement. The Claim Form shall be available for download from the Settlement Website. The Settlement Administrator shall mail a Claim Form, in hardcopy form, to any Class Member who so requests.

1.10    "Claims Deadline" means the date by which all Claim Forms must be received by the Settlement Administrator to be considered timely and shall be set as the date 90 days after the Notice Date. The Claims Deadline shall be clearly set forth in the Long Form Notice, the Summary Notice(s), the Claim Form, and the Court's order granting Preliminary Approval.

1.11    "Claims Period" means the period of time during which Class Members may submit Claim Forms to receive the Settlement Benefits and shall commence on the Notice Date and shall end on the date 90 days thereafter.

1.12    "Class Counsel" means attorneys Andrew W. Ferich of Ahdoot & Wolfson, PC, Andrew E. Mize of Stranch, Jennings & Garvey PLLC, Jessica A. Wilkes of Federman & Sherwood, Mariya Weekes of Milberg LLC, and Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP.

1.13    "Class Member" means a member of the Settlement Class.

1.14    "Class Representatives" means all Plaintiffs who execute this Settlement Agreement.

1.15    "Court" means the United States District Court for the District of Nevada.

1.16    "Data Incident" refers to the alleged unauthorized access of Absolute Dental's systems and potential exfiltration of data therein that occurred between February 19, 2025 and March 5, 2025, and that is the subject of the Action.

1.17    "Documented Loss" refers to monetary losses incurred by a Class Member and supported by Reasonable Documentation for attempting to remedy or remedying issues that are more likely than not a result of the Data Incident, as further described in Section 3.4(a) below. Documented Losses must be supported by Reasonable Documentation showing that a Class Member actually incurred unreimbursed losses and consequential expenses that are more likely than not traceable to the Data Incident and incurred on or after February 19, 2025.

1.18    "Effective Date" means the date upon which the Settlement contemplated by this Agreement shall become effective as set forth in Section 10.1 below.

4

Exhibit 1 - 31

1.19 "Entity" means any person, corporation, partnership, limited liability company, association, trust, agency, or other organization of any type.

1.20 "Fee and Costs Award" means the amount of attorneys' fees and reimbursement of reasonable litigation costs and expenses awarded by the Court to Class Counsel, to be paid from the Settlement Fund.

1.21 "Final Approval Order" means the order to be entered by the Court after the Final Approval Hearing, which finally approves the Settlement Agreement.

1.22 "Final Approval Hearing" means the hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of the Settlement pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure.

1.23 "JCI" means Judge Consulting, Inc., a named defendant in the Action. JCI is not a Party to this Settlement.

1.24 "Judgment" means the final judgment to be entered by the Court.

1.25 "Long Form Notice" means the long form notice of settlement substantially in the form attached hereto as **Exhibit B**.

1.26 "Net Settlement Fund" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) Administrative Expenses incurred pursuant to this Settlement Agreement, (ii) Service Awards approved by the Court, (iii) any amounts approved by the Court for the Fee and Costs Award, and (iv) applicable taxes, if any.

1.27 "Non-Profit Residual Recipient" means the Electronic Frontier Foundation, a 26 U.S.C. § 501(c)(3) nonprofit organization.

1.28 "Notice" means notice of the proposed class action settlement to be provided to Class Members pursuant to the Notice Plan approved by the Court in connection with preliminary approval of the Settlement. The Notice shall consist of the Summary Notice (postcard and email), the Long Form Notice, the Settlement Website, and the toll-free telephone line.

1.29 "Notice Date" means the date upon which Notice is initially disseminated to the Settlement Class by the Settlement Administrator, which shall be no later than 35 days after entry of the Preliminary Approval Order.

1.30 "Notice Plan" means the settlement notice program, as approved by the Court, developed by the Settlement Administrator and described in this Agreement for disseminating Notice to the Class Members of the terms of this Agreement and the Final Approval Hearing.

1.31 "Objection Deadline" means the date by which Class Members must file and postmark required copies of any written objections, pursuant to the terms

Exhibit 1 - 32

conditions herein, to this Settlement Agreement and to any application and motion for (i) the Fee and Costs Award, and (ii) the Service Awards, which shall be 60 days following the Notice Date. The deadline for filing an objection will be set forth in the Long Form Notice, the Summary Notice(s), the Settlement Website, and the Court's order granting Preliminary Approval.

1.32    "Opt-Out Period" means the period in which a Class Member may submit a Request for Exclusion, pursuant to the terms and conditions herein, which shall expire 60 days following the Notice Date. The deadline for filing a Request for Exclusion shall be clearly set forth in the Long Form Notice, the Summary Notice(s), and the Court's order granting Preliminary Approval.

1.33    "Parties" means the parties to this Settlement, which includes the Plaintiffs and Defendant Absolute Dental Group, LLC. For avoidance of doubt, "Parties" does not include Defendant Judge Consulting, Inc.

1.34    "Personal Information" means one or more of the following types of data: names, home addresses, dates of birth, and other demographic and contact information, including emergency contact information, Social Security numbers, driver's license and state ID numbers, provider identification numbers, insurance policy and guarantor information, diagnosis and treatment information, other information from patient medical or billing records, or other health or health-related information.

1.34    "Plaintiffs" means Kathleen Jordan, Marlo Eastman, Edwina Jackson, Amanda Maduike-Iwata, Viridiana Tinajero Monterroza.

1.35    "Preliminary Approval Order" means an order by the Court that preliminarily approves the Settlement (including, but not limited to, the forms and procedure for providing Notice to the Settlement Class), permits Notice to be disseminated to the proposed Settlement Class, establishes a procedure for Class Members to object to or opt out of the Settlement, and sets a date for the Final Approval Hearing, without material change to the Parties' agreed-upon proposed preliminary approval order attached hereto as **Exhibit C**.

1.36    "Reasonable Documentation" means documentation supporting a claim for Documented Loss(es) including, but not limited to, credit card statements, bank statements, invoices, telephone records, screen shots, and receipts. Documented Losses cannot be documented solely by a personal certification, declaration, or affidavit from the Claimant; the Claimant must provide other supporting documentation as well.

1.37    "Released Claims" means any claim, liability, right, demand, suit, obligation, damage, including consequential damage, loss or cost, punitive, special or exemplary damages, attorneys' fees, costs, and expenses, action or cause of action, of every kind or description—whether known or Unknown (as the term "Unknown Claims" is defined herein), suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—that was or could have

6

Exhibit 1 - 33

been asserted by or on behalf of Plaintiffs and the Settlement Class in the Action against the Released Parties related to or arising from the Data Incident regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether they are foreseen or unforeseen, suspected or unsuspected, or fixed or contingent, arising out of, or related or connected in any way with the claims or causes of action of every kind and description that were brought, alleged, argued, raised or asserted in any pleading or court filing in the Action. "Released Claims" do not include any claims against any entity other than Released Parties and are subject to Section 4 below. For the avoidance of doubt, "Released Claims" do not include any claims against JCI.

1.38    "Released Parties" means Defendant Absolute Dental Group, LLC, and its respective current or former predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and vendors/service providers (except for JCI) and any and all of the past, present, and future officers, directors, employees, equity holders, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees and assigns of any of the foregoing. Each of the Released Parties may be referred to individually as a "Released Party." "Released Parties" does not include JCI or any of its current or former subsidiaries, parent companies, successors, predecessors, or any entity in which JCI or its parents, have a controlling interest.

1.39    "Request for Exclusion" is the written communication by a Class Member in which he or she requests to be excluded or opts-out from the Settlement Class pursuant to the terms of the Agreement.

1.40    "Service Awards" means the amount awarded by the Court and paid to the Class Representatives in recognition of their role in this litigation, as set forth in Section 8 below.

1.41    "Settlement" means this settlement of the Action by and between the Parties, and the terms thereof as stated in this Settlement Agreement.

1.42    "Settlement Administrator" or "Epiq" means Epiq Class Action & Claims Solutions, Inc., the third-party class action settlement administrator agreed to by the Parties subject to the approval of the Court. Under the supervision of Class Counsel, the Settlement Administrator shall oversee and implement the Notice Plan and receive any requests for exclusion from the Class. Class Counsel and Absolute Dental's Counsel may, by agreement, substitute a different Settlement Administrator, subject to Court approval.

1.43    "Settlement Benefit(s)" means any Settlement Payments—including the Documented Loss Payments and the Cash Fund Payments—and the prospective relief set forth in Sections 2 and 3 herein, and any other benefits Class Members receive pursuant to this Agreement, including non-monetary benefits and relief, the Fee and Costs Award, and Administrative Expenses.

7

Exhibit 1 - 34

1.44   "Settlement Class" and "Class" means all living, natural persons residing in the United States whose Personal Information was potentially compromised in the Data Incident, including all persons who were sent notice of the Data Incident. Excluded from the Settlement Class are: (1) the judges presiding over the Action and members of their immediate families and their staff; (2) Absolute Dental, its subsidiaries, parent companies, successors, predecessors, and any entity in which Absolute Dental or its parents, have a controlling interest, and its current or former officers and directors; (3) JCI, its subsidiaries, parent companies, successors, predecessors, and any entity in which JCI or its parents, have a controlling interest, and its current or former officers and directors; (4) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (5) the successors or assigns of any such excluded natural person.

1.45   "Settlement Fund" means the sum of Three Million Three Hundred Thousand Dollars and No Cents ($3,300,000.00), to be paid by Absolute Dental and/or its insurers, as specified in Section 3.1 of this Agreement.

1.46   "Settlement Payment" means any payment to be made to any Class Member on Approved Claims pursuant to Section 3.4 herein.

1.47   "Settlement Website" means the website to be created and launched within 14 days after entry of the Preliminary Approval Order, and maintained by the Settlement Administrator, and which allows for the electronic submission of Claim Forms and Requests for Exclusion, and provides access to relevant case documents including the Long Form Notice, information about the submission of Claim Forms, and other relevant documents, including downloadable Claim Forms.

1.48   "Summary Notice(s)" means the summary postcard notice and email notice of the proposed Settlement as approved by the Court, substantially in the forms attached hereto as **Exhibit D** and **Exhibit E**, respectively.

1.49   "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants). All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this Agreement (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Agreement ("Tax Expenses"), shall be paid out of the Settlement Fund. Further, Taxes and Tax Expenses shall be treated as, and considered to be, an Administration Expense and shall be timely paid by the Settlement Administrator, out of the Settlement Fund,

8

Exhibit 1 - 35

without prior order from the Court and the Settlement Administrator shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Class Members with Approved Claims any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(l)(2)). The Parties hereto agree to cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Agreement. For the purpose of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the Settlement Administrator shall be the "administrator." The Settlement Administrator shall timely and properly file or cause to be filed all informational and other tax returns necessary or advisable with respect to the Settlement Fund and the escrow account (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this Agreement) shall be consistent with this Section and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in this Agreement.

1.50    "Unknown Claims" means any and all Released Claims that Absolute Dental or any Class Representative or Class Member does not know or suspect to exist in his, her, or its favor as of the Effective Date and which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to the Settlement. Class Representatives and Class Counsel acknowledge, and each Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

## 2.    SECURITY COMMITMENTS; PROSPECTIVE RELIEF

2.1    As further consideration for the settlement and releases contained herein, Absolute Dental commits to maintain, at its sole expense, enhanced data security measures to further secure the Personal Information within its custody and control.

2.2    Absolute Dental has provided Class Counsel with a declaration describing the details of these enhanced data security measures, which are not being made public due to their sensitive nature. Prior to the filing of a motion for preliminary settlement approval, Absolute Dental will provide Plaintiffs' Counsel a good-faith estimate of the known, quantifiable costs of implementing and maintaining the above-identified data security measures for a 3-year period.

## 3.    SETTLEMENT FUND / MONETARY PAYMENT / BENEFITS DETAILS

3.1    Within 30 days after receiving (1) the Settlement Administrator's completed W-9 form, (2) an invoice issued by the Settlement Administrator to Absolute Dental in the amount of Three Million Three Hundred Thousand Dollars and No Cents ($3,300,000.00) (the "Settlement Sum"), (3) check and wire instructions from the

Exhibit 1 - 36

Settlement Administrator, and (4) entry of the Preliminary Approval Order, which shall include an order establishing the Settlement Fund pursuant to pursuant to Treasury Regulation § 1.468B-1(c)(1), Absolute Dental agrees to make or cause to be made a payment in the amount of the Settlement Sum to a bank account designated by the Settlement Administrator. That account will be an interest-bearing bank escrow account established and administered by the Settlement Administrator (the "Escrow Account"). The Escrow Account shall be held in a Qualified Settlement Fund (defined below) in interest-bearing bank account deposits with commercial banks with excess capital exceeding One Billion United States Dollars and Zero Cents ($1,000,000,000.00), with a rating of "A" or higher by S&P and in an account that is fully insured by the United States Government or the FDIC. The Settlement Fund will be used to pay Approved Claims, Administrative Expenses (to be agreed upon by both parties), any Court approved Fee and Costs Award, and Service Awards. For the avoidance of doubt, and for purposes of this Settlement Agreement only, Absolute Dental's liability shall not exceed the Settlement Fund.

3.2     All interest on the funds in the Escrow Account shall accrue to the benefit of the Settlement Class. Any interest shall not be subject to withholding and shall, if required, be reported appropriately to the Internal Revenue Service by the Settlement Administrator. The Administrator is responsible for the payment of all Taxes.

3.3     The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1 at all times after the creation of the Escrow Account. All Taxes shall be paid out of the Escrow Account. Absolute Dental, Absolute Dental's Counsel, Plaintiffs, and Class Counsel shall have no liability or responsibility for any of the Taxes. The Escrow Account shall indemnify and hold Absolute Dental, Absolute Dental's Counsel, Plaintiffs, and Class Counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification). For the purpose of the Internal Revenue Code and the Treasury regulations thereunder, the Settlement Administrator shall be designated as the "administrator" of the Settlement Fund. The Settlement Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in the previous paragraph) shall be consistent with this paragraph and in all events shall reflect that all taxes (including the Taxes, any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Settlement Administrator shall maintain control over the Settlement Fund and shall be responsible for all disbursements. The Settlement Administrator shall not disburse any portion of the Settlement Fund except as provided in this Agreement and with the written agreement of Class Counsel and Absolute Dental's Counsel or by order of the Court. All funds held by the Settlement Administrator shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject

10

Exhibit 1 - 37

to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement or further order of the Court.

3.4    <u>Settlement Payments</u>: Each Class Member may qualify and submit a claim for both of the following cash Settlement Payments:

(a)    <u>Documented Loss Payment</u>. Class Members may submit a claim for a Settlement Payment of up to $5,000.00 for reimbursement of a Documented Loss (a "Documented Loss Payment"). These losses include (i) documented out-of-pocket expenses such as: (a) bank fees, (b) long-distance phone charges, (c) cell phone charges (only if charged by the minute), (d) data charges (only if charged based on the amount of data used), (e) postage, (f) gasoline for local travel; and (ii) documented fees for credit reports, credit monitoring, or other identity theft insurance products, and other losses resulting from the Data Incident.  To receive a Documented Loss Payment, a Class Member must choose to do so on their Claim Form and submit to the Settlement Administrator the following: (i) a valid Claim Form electing to receive the Documented Loss Payment; (ii) an attestation regarding any actual and unreimbursed Documented Loss made under penalty of perjury; and (iii) Reasonable Documentation that demonstrates the Documented Loss to be reimbursed pursuant to the terms of the Settlement and that the loss is more likely than not related to the Data Incident. Documents for financial expenses may include credit card or bank statements, emails, invoices, receipts, or telephone records, including photographs of the same. Personal statements or declarations are not considered reasonable documentation, but may be used to provide clarification, context, or support for other documentation. If a Claimant does not submit Reasonable Documentation supporting a Documented Loss Payment claim, or if a Claimant's claim for a Documented Loss Payment is rejected by the Settlement Administrator for any reason, and the Claimant fails to cure his or her claim, the claim will be rejected and the Claimant's claim will instead be automatically placed into the Cash Fund Payment category below at the discretion of the Settlement Administrator. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

(b)    <u>Cash Fund Payment</u>. Instead of, or in addition to the Documented Loss Payment Settlement Benefit, Class Members may submit a claim to receive a *pro rata* Settlement Payment in cash (i.e., a "Cash Fund Payment"). The amount of the Cash Fund Payment will be calculated in accordance with Section 3.9 below.

3.5    <u>Settlement Payment Methods.</u> Class Members will be provided the option to receive any Settlement Payment due to them pursuant to the terms of this Agreement via various digital methods. In the event that Class Members do not

11

Exhibit 1 - 38

exercise this option, they will receive their Settlement Payment via a physical check sent to them by U.S. Mail.

3.6     <u>Deadline to File Claims.</u> Claim Forms must be postmarked (if mailed) or electronically received (if filed on the Settlement Website) within 90 days after the Notice Date.

3.7     <u>The Settlement Administrator.</u> The Settlement Administrator shall have the authority to determine whether a Claim Form is valid, timely, and complete. To the extent the Settlement Administrator determines a claim is deficient for a reason other than late posting, within a reasonable amount of time, the Settlement Administrator shall notify the Claimant (with a copy to Class Counsel) of the deficiencies and notify the Claimant that he or she shall have 30 days to cure the deficiencies and re-submit the claim. No notification is required for late-posted claims. The Settlement Administrator shall exercise reasonable discretion to determine whether the Claimant has cured the deficient claim. If the Claimant fails to cure the deficiency, the claim shall stand as denied, and the Class Member shall be so notified if practicable. If the Settlement Administrator determines a Claim for Documented Losses is insufficient or otherwise denied for lack of supporting documentation, the Settlement Administrator has the direction to consider that claim for a Cash Fund Payment instead.

3.8     <u>Timing of Settlement Benefits.</u> Within 30 days after: (i) the Effective Date; or (ii) all Claim Forms have been processed subject to the terms and conditions of this Agreement, whichever date is later, the Settlement Administrator shall cause funds to be distributed to each Claimant pursuant to the terms of the Claimant's Approved Claim.

3.9     <u>Distribution of Settlement Payments</u>: The Settlement is designed to exhaust the Settlement Fund. The Settlement Fund shall be used to make payments for the following: (i) Administrative Expenses, (ii) any Fee and Costs Award, (iii) any Service Awards, (iv) escrow fees, and (v) Taxes. The remaining amount is the Net Settlement Fund. The Settlement Administrator will first apply the Net Settlement Fund to pay Approved Claims for Documented Loss Payments. The amount of the Net Settlement Fund remaining after all Documented Loss Payments are applied shall be referred to as the "Post DL Net Settlement Fund." The Settlement Administrator shall then utilize the Post DL Net Settlement Fund to make all Cash Fund Payments pursuant to this Section.

The amount of each Cash Fund Payment shall be calculated by dividing the Post DL Net Settlement Fund by double the number of valid claims submitted by California residents added to the number of valid claims submitted by non-California residents to determine an "Initial Cash Amount" (i.e., Initial Cash Amount = Post DL Net Settlement Fund / ((2 * the total number of Approved Claims submitted by California residents) + (the total number of Approved Claims submitted by non-California residents))). The Cash Fund Payment amount to non-California residents with Approved Claims will be equal to the Initial Cash

Exhibit 1 - 39

Amount, and the Cash Fund Payment amount to California residents with Approved Claims will equal twice the amount of the Initial Cash Amount.

In the unlikely event that the aggregate amount of all Documented Loss Payments exceeds the total amount of the Net Settlement Fund, then the value of the Documented Loss Payment to be paid to each Class Member shall be reduced, on a *pro rata* basis, such that the aggregate value of all Documented Loss Payments does not exceed the Net Settlement Fund. In such an event, no Net Settlement Funds will be distributed to Claimants with Approved Claims for Cash Fund Payments. All such determinations shall be performed by the Settlement Administrator.

3.10    Deadline to Deposit or Cash Physical Checks. Class Members with Approved Claims who receive a Documented Loss Payment and/or a Cash Fund Payment, by physical check, shall have 90 days following distribution to deposit or cash their benefit check.

3.11    Residual Funds. The Settlement is designed to exhaust the Settlement Fund. To the extent any monies remain in the Net Settlement Fund more than 120 days after the distribution of all Settlement Payments to the Class Members, a subsequent Settlement Payment will be made evenly to all Class Members with Approved Claims for Cash Fund Payments who cashed or deposited the initial payment they received, provided that the average check amount is equal to or greater than Three Dollars and No Cents ($3.00). The distribution of this remaining Net Settlement Fund shall continue until the average check or digital payment in a distribution is less than three dollars ($3.00), whereupon the amount remaining in the Net Settlement Fund, if any, shall be distributed to the Non-Profit Residual Recipient.

3.12    Returned Payments. For any Settlement Payment returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make one additional effort to make any digital payments and engage in a reasonable efforts to find a valid address (in the case of physical checks) and resend the Settlement Payment within 30 days after the physical check is returned to the Settlement Administrator as undeliverable. The Settlement Administrator shall make one attempt to repay or resend a Settlement Payment.

3.13    Residue of Settlement Fund. No portion of the Settlement Fund shall ever revert or be repaid to Absolute Dental after the Effective Date.

3.14    Custody of Settlement Fund. The Settlement Fund shall be deposited into the Escrow Account but shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or returned to those who paid the Settlement Fund in the event this Settlement Agreement is voided, terminated, or cancelled. In the event this Settlement Agreement is voided, terminated, or cancelled due to lack of approval from the Court or any other reason, any amounts remaining in the Settlement Fund after payment of all Administrative Expenses incurred in accordance with the terms

Exhibit 1 - 40

and conditions of this Agreement, including all interest earned on the Settlement Fund net of any Taxes, shall be returned to Absolute Dental and/or its insurer, and no other person or entity shall have any further claim whatsoever to such amounts.

3.15 <u>Non-Reversionary</u>. This is a non-reversionary settlement. As of the Effective Date, all rights of Absolute Dental, its insurers and/or reinsurers in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is voided, cancelled, or terminated, as set forth herein.

3.16 <u>Use of the Settlement Fund</u>. As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay for: (i) all Administrative Expenses; (ii) any Taxes; (iii) any escrow fees; (iv) any Service Awards; (v) any Fee and Costs Award; and (vi) the Settlement Payments and/or Settlement Benefits, pursuant to the terms and conditions of this Agreement.

3.17 <u>Payment / Withdrawal Authorization</u>. No amounts from the Settlement Fund may be withdrawn unless (i) expressly authorized by the Settlement Agreement or (ii) approved by the Court. The Parties, by agreement, may authorize the periodic payment of actual reasonable Administrative Expenses from the Settlement Fund as such expenses are invoiced without further order of the Court. The Settlement Administrator shall provide Class Counsel and Absolute Dental with notice of any withdrawal or other payment the Settlement Administrator proposes to make from the Settlement Fund before the Effective Date at least 7 Business Days prior to making such withdrawal or payment.

3.18 <u>Payments to Class Members</u>. The Settlement Administrator, subject to such supervision and direction of the Court and/or Class Counsel as may be necessary or as circumstances may require, shall administer and/or oversee distribution of the Settlement Fund to Class Members pursuant to this Agreement.

3.19 <u>Taxes</u>. All Taxes relating to the Settlement Fund shall be paid out of the Settlement Fund, shall be considered an Administrative Expense, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for Taxes (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative or any Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Taxes do not include any federal, state, and local tax owed by any Claimant, Class Representative and Class Member as a result of any benefit or payment received as a result of the Settlement. Each Class Representative and Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

3.20 <u>Limitation of Liability</u>.

14

Exhibit 1 - 41

(a)     Absolute Dental, Absolute Dental's insurers and reinsurers, and Absolute Dental's Counsel shall not have any responsibility for or liability whatsoever with respect to (i) any act, omission or determination of Class Counsel, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

(b)     Class Representatives and Class Counsel shall not have any liability whatsoever with respect to (i) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

(c)     The Settlement Administrator shall indemnify and hold Class Counsel, the Settlement Class, Class Representatives, Absolute Dental, Absolute Dental's insurers and reinsurers, and Absolute Dental's Counsel harmless for (i) any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Notice Plan and the administration of the Settlement; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

**4.    RELEASE**

4.1     Upon the Effective Date, and in consideration of the Settlement Benefits described herein, the Class Representatives and all Class Members identified in the Settlement Class List in accordance with Section 6.4, on behalf of themselves, their heirs, assigns, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, release and discharge all Released

15

Exhibit 1 - 42

Claims, including Unknown Claims, against each of the Released Parties and agree to refrain from instituting, directing or maintaining any lawsuit, contested matter, adversary proceeding, or miscellaneous proceeding against each of the Released Parties that relates to the Data Incident or otherwise arises out of the same facts and circumstances set forth in the class action complaint in the Action. This Settlement releases claims against only the Released Parties. This Settlement does not release, and it is not the intention of the Parties to this Settlement to release, any claims against any other party, including but not limited to JCI. Nor does this Release apply to any Class Member who timely excludes himself or herself from the Settlement.

4.2    Without limiting in any way the provisions of Section 4.1, the Class Representatives and all Class Members hereby expressly waive and release, upon this Agreement becoming final as set out in Section 10.1 of this Agreement, any and all provisions, rights, and benefits as to the Released Claims as of the Effective Date, and which are conferred by: (a) of § 1542 of the California Civil Code, which states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;

or (b) any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code.

4.3    The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes that risk of such possible difference in facts and agrees that this Agreement shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein.

## 5.    REQUIRED EVENTS AND COOPERATION BY PARTIES

5.1    <u>Preliminary Approval</u>. Class Counsel shall submit this Agreement to the Court and shall promptly move the Court to enter the Preliminary Approval Order, in the form attached as **Exhibit C**.

5.2    <u>Cooperation</u>. The Parties shall, in good faith, cooperate, assist, and undertake all reasonable actions and steps in order to accomplish all requirements of this

Exhibit 1 - 43

Agreement on the schedule set by the Court, subject to the terms of this Agreement If, for any reason, the Parties determine that the schedule set by the Court is no longer feasible, the Parties shall use their best judgment to amend the schedule to accomplish the goals of this Agreement.

5.3    Certification of the Settlement Class. For purposes of this Settlement only, Plaintiffs and Absolute Dental stipulate to the certification of the Settlement Class, which is contingent upon the Court entering the Final Approval Order and Judgment of this Settlement and the occurrence of the Effective Date. Should: (1) the Settlement not receive final approval from the Court, or (2) the Effective Date not occur, the certification of the Settlement Class shall be void. Absolute Dental reserves the right to contest class certification for all other purposes. Plaintiffs and Absolute Dental further stipulate to designate the Class Representatives as the representatives for the Settlement Class.

5.4    Final Approval. The Parties shall request that the Court schedule the Final Approval Hearing for a date that is no earlier than 130 days after the entry of the Preliminary Approval Order. The Parties may file a response to any objections to the Settlement and a Motion for Final Approval no later than 14 days after the Objection Deadline.

## 6.    CLASS NOTICE, OPT-OUTS, AND OBJECTIONS

6.1    Notice shall be disseminated pursuant to the Court's Preliminary Approval Order.

6.2    The Settlement Administrator shall oversee and implement the Notice Plan approved by the Court. All costs associated with the Notice Plan shall be paid from the Settlement Fund.

6.3    Direct Notice. No later than the Notice Date, or such other time as may be ordered by the Court, the Settlement Administrator shall disseminate Notice to the Class Members via email, to the extent email information is available for some or all of the Settlement Class, and, otherwise, by direct mail, in the form of the respective Summary Notice(s) (**Exhibits D and E**). In order to achieve the greatest Notice practicable, direct notice will be enhanced by a mutually agreed upon digital press release, to be disseminated by the Settlement Administrator.

6.4    Settlement Class List. Within 14 days after the issuance of the Preliminary Approval Order, Absolute Dental will provide to the Settlement Administrator a list of any and all names, mailing addresses, telephone numbers, and email addresses (if any) of any and all Class Members that it has in its possession, custody, or control (the "Settlement Class List").

6.5    Confidentiality. Any information relating to Class Members provided to the Settlement Administrator pursuant to this Agreement shall be provided solely for the purpose of providing Notice to the Class Members (as set forth herein) and allowing them to recover under this Agreement; shall be kept in strict confidence by the Parties, their counsel, and the Settlement Administrator; shall not be disclosed to any third party; shall not be used for marketing purposes by the

17

Exhibit 1 - 44

Settlement Administrator; shall be destroyed after all distributions to Class Members have been made; and shall not be used for any other purpose.

6.6    <u>Fraud Prevention</u>. The Settlement Administrator shall use reasonable and customary fraud-prevention mechanisms to prevent (i) submission of Claim Forms by persons other than potential Class Members, (ii) submission of more than one Claim Form per person, and (iii) submission of Claim Forms seeking amounts to which the claimant is not entitled. In the event a Claim Form is submitted without a unique Class Member identifier, the Settlement Administrator shall employ reasonable efforts to ensure that the Claim is valid.

6.7    <u>Settlement Website</u>. Prior to any dissemination of the Summary Notice(s) and prior to the Notice Date, the Settlement Administrator shall cause the Settlement Website to be launched on the internet in accordance with this Agreement. The Settlement Administrator shall create, update, and maintain the Settlement Website. The Settlement Website shall contain information regarding how to submit Claim Forms (including submitting Claims Forms electronically through the Settlement Website) and relevant documents, including, but not limited to, the Long Form Notice, the Claim Form, this Agreement, the Preliminary Approval Order entered by the Court, and the operative complaint in the Action, and will (on its URL landing page) notify the Settlement Class of the date, time, and place of the Final Approval Hearing. The Settlement Website shall also provide the toll-free telephone number and mailing address through which Class Members may contact the Settlement Administrator directly.

6.8    <u>Opt-Out/Request for Exclusion</u>. The Notice shall explain that the procedure for Class Members to opt-out and exclude themselves from the Settlement Class is by notifying the Settlement Administrator in writing, postmarked no later than 60 days after the Notice Date. Any Class Member may submit a Request for Exclusion from the Settlement at any time during the Opt-Out Period. To be valid, the Request for Exclusion must be postmarked or received by the Settlement Administrator on or before the end of the Opt-Out Period. Requests for Exclusion must be in writing and must identify the case name "*Jordan, et al. v. Absolute Dental Group, LLC, et al.*"; state the name, address, telephone number and unique identifier of the Class Member seeking exclusion; identify any lawyer representing the Class Member seeking to opt out; be physically signed by the person(s) seeking exclusion or the person's legal guardian or representative; and must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in '*Jordan, et al. v. Absolute Dental Group, LLC, et al.*'" Any person who elects to request exclusion from the Settlement Class shall not (i) be bound by any orders or Judgment entered in the Action, (ii) be entitled to relief under this Agreement, (iii) gain any rights by virtue of this Agreement, or (iv) be entitled to object to any aspect of this Agreement. Requests for Exclusion may only be done on an individual basis, and no person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

18

Exhibit 1 - 45

The Settlement Administrator shall provide Class Counsel and Absolute Dental's Counsel with the opt-out list no later than 5 days following the Opt-Out Period

6.9    <u>Objections</u>. The Notice shall explain that the procedure for Class Members to object to the Settlement is by submitting written objections to the Court no later than 60 days after the Notice Date (the "Objection Deadline"). Any Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. Any Class Member who wishes to object to the Settlement, the Settlement Benefits, Service Awards, and/or the Fee and Costs Award, or to appear at the Final Approval Hearing and show cause, if any, for why the Settlement should not be approved as fair, reasonable, and adequate to the Class, why a final judgment should not be entered, why the Settlement Benefits should not be approved, or why the Service Awards and/or the Fee and Costs Award should not be granted, may do so, but must proceed as set forth in this paragraph. No Class Member or other person will be heard on such matters unless they have filed in this Action the objection, together with any briefs, papers, statements, or other materials the Class Member or other person wishes the Court to consider, within 60 days following the Notice Date. All written objections and supporting papers must clearly (a) identify the case name and number; (b) state the Class Member's full name, current mailing address, and telephone number; (c) contain a statement by the Class Member that he or she believes themself to be a member of the Settlement Class; (d) include proof that the Class Member is a member of the Settlement Class (e.g., copy of the settlement notice, copy of the original notice of the Data Incident); (e) identify the specific factual and legal grounds for the objection; (f) identify whether the Objection is an objection to the Settlement in part or in whole; (g) state whether the objection applies only to the objector, a subset of the Settlement Class, or the entire Settlement Class; (h) identify all counsel representing the Class Member, if any; (i) include a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past 5 years; (j) include all documents or writings that the Class Member desires the Court to consider; (k) contain a statement regarding whether the Class Member (or counsel of his or her choosing) intends to appear at the Final Approval Hearing; and (l) contain the signature of the Class Member or the Class Member's duly authorized attorney or representative. All objections must be submitted to the Settlement Administrator, Class Counsel identified below, and to the Court either by mailing them to: 333 Las Vegas Blvd South, Las Vegas, Nevada 89101, or by filing them in person at the Courthouse. All objections must be filed or postmarked on or before the Objection Deadline, as set forth above. Any Class Member who does not make their objections in the manner and by the date set forth in this paragraph shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court. Without limiting the foregoing, any challenge to the Settlement Agreement, the Order Granting Preliminary Approval of the Class Action Settlement Agreement, and the Final Approval Order and Judgment shall be pursuant to appeal under the applicable rules of appellate procedure and not through a collateral attack.

19

Exhibit 1 - 46

7.    **SETTLEMENT ADMINISTRATION**

7.1    <u>Submission of Claims</u>.

(a)    <u>Submission of Electronic and Hard Copy Claims</u>. Class Members may submit electronically verified Claim Forms to the Settlement Administrator through the Settlement Website or may download Claim Forms to be completed, signed, and submitted physically by return mail to the Settlement Administrator. Claim Forms must be submitted electronically or postmarked during the Claims Period and on or before the Claims Deadline. The Settlement Administrator shall reject any Claim Forms that are incomplete, inaccurate, or not timely received and will provide Claimants notice and the ability to cure defective claims, unless otherwise noted in this Agreement.

(b)    <u>Review of Claim Forms</u>. The Settlement Administrator will review Claim Forms submitted by Class Members to determine whether they are eligible for a Settlement Payment.

7.2    <u>Settlement Administrator's Duties</u>.

(a)    <u>Cost Effective Claims Processing</u>. The Settlement Administrator shall, under the supervision of the Court and the Parties, administer the relief provided by this Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner, and calculate Settlement Payments in accordance with this Agreement.

(b)    <u>Dissemination of Notices</u>. The Settlement Administrator shall disseminate the Notice Plan as provided for in this Agreement. At the direction and discretion of the Parties, the Settlement Administrator shall perform reasonable address traces for any postcard Summary Notices that are returned as undeliverable. If the Parties elect remailing, then no later than 45 days before the original date set for the Final Approval Hearing, the Settlement Administrator shall complete the re-mailing of postcard Summary Notice to those Settlement Class members whose new addresses were identified as of that time through address traces.

(c)    <u>Maintenance of Records</u>. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Absolute Dental's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. Upon request, the Settlement Administrator shall provide Class Counsel and Absolute Dental's Counsel with information concerning Notice, administration, and

20

Exhibit 1 - 47

implementation of the Settlement. Without limiting the foregoing, the Settlement Administrator also shall:

    (i)    Receive Requests for Exclusion from Class Members and provide Class Counsel and Absolute Dental's Counsel a copy thereof no later than 5 days following the deadline for submission of the same. If the Settlement Administrator receives any Requests for Exclusion or other requests from Class Members after expiration of the Opt-Out Period, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Absolute Dental's Counsel;

    (ii)    Provide weekly reports to Class Counsel and Absolute Dental's Counsel that include, without limitation, reports regarding the number of Claim Forms received, the number of Claim Forms approved by the Settlement Administrator, the amount of Claims Forms received (including a breakdown of what types of claims were received and approved), and the categorization and description of Claim Forms rejected by the Settlement Administrator. The Settlement Administrator shall also, as requested by Class Counsel or Absolute Dental's Counsel and from time to time, provide the amounts remaining in the Net Settlement Fund;

    (iii)    Make available for inspection by Class Counsel and Absolute Dental's Counsel the Claim Forms and any supporting documentation received by the Settlement Administrator at any time upon reasonable notice;

    (iv)    Cooperate with any audit by Class Counsel or Absolute Dental's Counsel, who shall have the right but not the obligation to review, audit, and evaluate all Claim Forms for accuracy, veracity, completeness, and compliance with the terms and conditions of this Agreement.

7.3    <u>Requests For Additional Information</u>: In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Class Member who submits a Claim Form.

## 8.    SERVICE AWARDS

8.1    Class Representatives and Class Counsel may seek Service Awards to the Class Representatives of up to $2,500.00 per Class Representative. Class Counsel may request Service Awards for the Class Representatives as part of their motion for a Fee and Costs Award, which must be filed no later than 14 days prior to the Objection Deadline.

8.2    The Settlement Administrator shall pay the Service Awards approved by the Court to the Class Representatives from the Settlement Fund. Such Service Awards shall

Exhibit 1 - 48

be paid by the Settlement Administrator, in the amount approved by the Court, within 5 Business Days after the Effective Date.

8.3    In the event the Court declines to approve, in whole or in part, the payment of the Service Award in the amounts requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the Service Award shall constitute grounds for cancellation or termination of this Agreement.

8.4    The Parties did not discuss or agree upon the amount of the maximum amount of Service Awards for which Class Representatives can apply for, until after the substantive terms of the Settlement had been agreed upon.

## 9.    ATTORNEYS' FEES, COSTS, AND EXPENSES

9.1    Class Counsel may file a motion seeking an award of attorneys' fees of up to one-third of the Settlement Fund, and, separately, reasonably incurred litigation expenses and costs (i.e., Fee and Costs Award), no later than 14 days prior to the Objection Deadline. The motion for a Fee and Costs Award shall be posted on the Settlement Website. The Settlement Administrator shall pay any attorneys' fees, costs, and expenses awarded by the Court to Class Counsel in the amount approved by the Court, from the Settlement Fund, within 5 Business Days after the Effective Date.

9.2    Unless otherwise ordered by the Court, Class Counsel shall have the sole and absolute discretion to allocate any approved Fee and Costs Award amongst themselves.

9.3    The Settlement is not conditioned upon the Court's approval of an award of Class Counsel's Fee and Costs Award or Service Awards. Absolute Dental reserves the right to oppose or challenge Plaintiffs' request for Class Counsel's Fee and Costs Award, and Class Representative Service Awards.

## 10.    EFFECTIVE DATE, MODIFICATION, AND TERMINATION

10.1    The Effective Date of the Settlement shall be the first Business Day after all of the following conditions have occurred:

(a)    Absolute Dental and Class Counsel execute this Agreement;

(b)    The Court enters the Preliminary Approval Order attached hereto as **Exhibit C**, without material change;

(c)    Notice is provided to the Settlement Class consistent with the Preliminary Approval Order;

(d)    The Court enters the Final Approval Order and Judgment; and

Exhibit 1 - 49

(e)    The Final Approval Order and Judgment have become "Final" because: (i) the time for appeal, petition, rehearing or other review has expired; or (ii) if any appeal, petition, request for rehearing or other review has been filed, the Final Approval Order and Judgment is affirmed without material change or the appeal is dismissed or otherwise disposed of, no other appeal, petition, rehearing or other review is pending, and the time for further appeals, petitions, requests for rehearing or other review has expired.

10.2    In the event that the Court declines to enter the Preliminary Approval Order, declines to enter the Final Approval Order and Judgment, or the Final Approval Order and Judgment does not become Final (as described in Section 10.1(e) of this Agreement), Absolute Dental may at its sole discretion terminate this Agreement on 5 Business Days written notice from Absolute Dental's Counsel to Class Counsel.

10.3    In the event the terms or conditions of this Settlement Agreement are materially modified by any court, any Party in its sole discretion may, within 14 days after such modification, declare this Settlement Agreement null and void. In the event of a material modification by any court, and in the event the Parties do not exercise their unilateral options to withdraw from this Settlement Agreement pursuant to this paragraph, the Parties shall meet and confer within 7 days of such ruling to attempt to reach an agreement as to how best to effectuate the court-ordered modification. For the avoidance of doubt, a "material modification" shall not include any reduction by the Court of the Fee and Costs Award and/or Service Awards.

10.4    Except as otherwise provided herein, in the event the Settlement is terminated, the Parties to this Agreement, including Class Members, shall be deemed to have reverted to their respective status in the Action immediately prior to the execution of this Agreement, and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered. In addition, the Parties agree that in the event the Settlement is terminated, any orders entered pursuant to the Agreement shall be deemed null and void and vacated and shall not be used in or cited by any person or entity in support of claims or defenses.

10.5    In the event this Agreement is terminated pursuant to any provision herein, then the Settlement proposed herein shall become null and void (with the exception of Sections 3.11, 3.13, 3.14, 3.15, 10.5, and 10.6 herein) and shall have no legal effect, and the Parties will return to their respective positions existing immediately before the execution of this Agreement.

10.6    Notwithstanding any provision of this Agreement, in the event this Agreement is not approved by any court, or terminated pursuant to any provision herein, or the Settlement set forth in this Agreement is declared null and void, or in the event that the Effective Date does not occur, Class Members, Plaintiffs, and Class Counsel shall not in any way be responsible or liable for any of the Administrative Expenses,

Exhibit 1 - 50

or any expenses, including costs of notice and administration associated with this Settlement or this Agreement, except that each Party shall bear its own attorneys' fees and costs.

10.7    Absolute Dental shall have the unilateral right to terminate the Agreement and all of Absolute Dental's payment obligations hereunder, except for Administrative Expenses actually incurred, if, in the aggregate, more than five percent (5%) of Settlement Class Members submit Requests for Exclusion electing to exclude themselves from the Settlement Class pursuant to this Agreement.

## 11.    NO ADMISSION OF WRONGDOING OR LIABILITY

11.1    This Agreement, whether or not consummated, any communications and negotiations relating to this Agreement or the Settlement, and any proceedings taken pursuant to the Agreement:

(a)    shall not be offered or received against Absolute Dental as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Absolute Dental with respect to the truth of any fact alleged by any Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of Absolute Dental;

(b)    shall not be offered or received against Absolute Dental as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Absolute Dental;

(c)    shall not be offered or received against Absolute Dental as evidence of a presumption, concession or admission with respect to any liability, negligence, fault, breach of duty, or wrongdoing, or in any way referred to for any other reason as against Absolute Dental, in any other civil, criminal, regulatory, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement; provided, however, that if this Agreement is approved by the Court, the Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)    shall not be construed against Absolute Dental as an admission or concession that the consideration to be given hereunder represents the relief that could be or would have been awarded after trial; and

(e)    shall not be construed as or received in evidence as an admission, concession or presumption against the Class Representatives or any Class Member that any of their claims are without merit, or that any defenses asserted by Absolute Dental have any merit.

Exhibit 1 - 51

## 12.    REPRESENTATIONS

12.1    Each Party represents that: (i) such Party has full legal right, power, and authority to enter into and perform this Agreement, subject to Court approval; (ii) the execution and delivery of this Agreement by such Party and the consummation by such Party of the transactions contemplated by this Agreement have been duly authorized by such Party; (iii) this Agreement constitutes a valid, binding, and enforceable agreement; and (iv) no consent or approval of any person or entity is necessary for such Party to enter into this Agreement.

## 13.    NOTICE

13.1    All notices to Class Counsel provided for in this Agreement shall be sent by email (to all email addresses set forth below) and by First-Class mail to all of the following:

> Andrew W. Ferich
> **AHDOOT & WOLFSON, PC**
> 201 King of Prussia Road, Suite 650
> Radnor, Pennsylvania 19087
> Tel: (310) 474-9111
> aferich@ahdootwolfson.com

> Andrew E. Mize
> **STRANCH, JENNINGS & GARVEY, PLLC**
> 223 Rosa L. Parks Avenue, Suite 200
> Nashville, Tennessee 37203
> Tel: (615) 254-8801
> amize@stranchlaw.com

> Jessica A. Wilkes
> **FEDERMAN & SHERWOOD**
> 10205 North Pennsylvania Avenue
> Oklahoma City, OK 73120
> Tel: (405) 235-1560
> jaw@federmanlaw.com

> Mariya Weekes
> **MILBERG LLC**
> 333 SE 2nd Avenue, Suite 2000
> Miami, FL, 33131
> Tel: (786) 206-9057
> Email: mweekes@milberg.com

> Nickolas J. Hagman
> **CAFFERTY CLOBES**
> **MERIWETHER & SPRENGEL LLP**

Exhibit 1 - 52

> 135 S. LaSalle, Suite 3210
> Chicago, Illinois 60603
> Tel: (312) 782-4880
> nhagman@caffertyclobes.com

13.2    All notices to Absolute Dental or Absolute Dental's Counsel provided for in this Agreement shall be sent by email and First Class mail to the following:

> Sean G. Wieber
> **WINSTON & STRAWN LLP**
> 300 N. LaSalle Drive
> Chicago, Illinois 60654-3406
> Tel.: (312) 558-5600
> swieber@winston.com

13.3    All notices to the Settlement Administrator provided for in this Agreement shall be sent by email and First Class mail as listed on the Settlement Website.

13.4    The notice recipients and addresses designated in this Section may be changed by written notice.

## 14.    MISCELLANEOUS PROVISIONS

14.1    <u>Representation by Counsel</u>. The Class Representatives and Absolute Dental represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and have been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein.

14.2    <u>Best Efforts</u>. The Parties agree that they will make all reasonable efforts needed to reach the Effective Date and fulfill their obligations under this Agreement.

14.3    <u>Contractual Agreement</u>. The Parties understand and agree that all terms of this Agreement, including the exhibits thereto, are contractual and are not a mere recital, and each signatory warrants that he, she, or it is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that they or it represents.

14.4    <u>Integration</u>. This Agreement constitutes the entire agreement among the Parties and no representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties and covenants contained and memorialized herein.

14.5    <u>Drafting</u>. The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purpose of the invocation of the doctrine of *contra proferentum*. This Settlement Agreement is a collaborative effort of the Parties and their attorneys that was negotiated on an arm's-length basis between

26

Exhibit 1 - 53

parties of equal bargaining power. Accordingly, this Agreement shall be neutral, and no ambiguity shall be construed in favor of or against any of the Parties. The Parties expressly waive any otherwise applicable presumption(s) that uncertainties in a contract are interpreted against the party who caused the uncertainty to exist.

14.6    <u>Modification or Amendment</u>. This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and Defendant's Counsel and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

14.7    <u>Waiver</u>. The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement. In addition, the waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

14.8    <u>Severability</u>. Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality or enforceability of any other provision hereunder.

14.9    <u>Successors</u>. This Settlement Agreement shall be binding upon and inure to the benefit of the heirs, successors and assigns of the Parties thereto.

14.10    <u>Survival</u>. The Parties agree that the terms set forth in this Agreement shall survive the signing of this Agreement.

14.11    <u>Governing Law</u>. All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the State of Nevada, without reference to its conflict of law provisions, except to the extent the federal law of the United States requires that federal law governs.

14.12    <u>Interpretation</u>.

    (a)    Definitions apply to the singular and plural forms of each term defined.

    (b)    Definitions apply to the masculine, feminine, and neuter genders of each term defined.

    (c)    Whenever the words "include," "includes" or "including" are used in this Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

14.13    <u>No Precedential Value</u>. The Parties agree and acknowledge that this Agreement carries no precedential value.

Exhibit 1 - 54

14.14 <u>Fair and Reasonable</u>. The Parties and their counsel believe this Agreement is a fair and reasonable compromise of the disputed claims, in the best interest of the Parties, and have arrived at this Agreement as a result of arm's-length negotiations with the assistance of an experienced mediator.

14.15 <u>Retention of Jurisdiction</u>. The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction over the Settlement and the Parties for the purpose of enforcing the terms of this Agreement.

14.16 <u>Headings</u>. Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement. In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

14.17 <u>Exhibits</u>. The exhibits to this Agreement and any exhibits thereto are an integral and material part of the Settlement. The exhibits to this Agreement are expressly incorporated by reference and made part of the terms and conditions set forth herein.

14.18 <u>Counterparts and Signatures</u>. This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts. Digital signatures shall have the same force and effect as the original.

14.19 <u>Facsimile and Electronic Mail</u>. Transmission of a signed Agreement by facsimile or electronic mail shall constitute receipt of an original signed Agreement by mail.

14.20 <u>No Assignment</u>. Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title or interest in or to any of the Released Claims.

14.21 <u>Deadlines</u>. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next Business Day. All reference to "days" in this Agreement shall refer to calendar days, unless otherwise specified. The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

14.22 <u>Dollar Amounts</u>. All dollar amounts are in United States dollars, unless otherwise expressly stated.

[Signatures appear on following pages]

28

Exhibit 1 - 55

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed:

Dated: _Dec 16, 2025_____, 2025

Kathleen Jordan (Dec 16, 2025 14:34:20 PST)
_____
Kathleen Jordan

*Plaintiff*

Dated: _____, 2025

_____
Marlo Eastman

*Plaintiff*

Dated: _____, 2025

_____
Edwina Jackson

*Plaintiff*

Dated: _____, 2025

_____
Amanda Maduike-Iwata

*Plaintiff*

Dated: _____, 2025

_____
Viridiana Tinajero Monterroza

*Plaintiff*

Dated: _____, 2025

**AHDOOT & WOLFSON, PC**

_____
Andrew W. Ferich

*Class Counsel for Plaintiffs*

29

Exhibit 1 - 56

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed:


Dated: _____, 2025

_____
Kathleen Jordan

*Plaintiff*


Dated: __12-16-_____, 2025

_____
Marlo Eastman

*Plaintiff*


Dated: _____, 2025

_____
Edwina Jackson

*Plaintiff*


Dated: _____, 2025

_____
Amanda Maduike-Iwata

*Plaintiff*


Dated: _____, 2025

_____
Viridiana Tinajero Monterroza

*Plaintiff*


Dated: _____, 2025

**AHDOOT & WOLFSON, PC**

_____
Andrew W. Ferich

*Class Counsel for Plaintiffs*

Exhibit 1 - 57

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed:

Dated: _____, 2025

_____
Kathleen Jordan

*Plaintiff*

Dated: _____, 2025

_____
Marlo Eastman

*Plaintiff*

Dated: _12/17/2025_, 2025

*Edwina Jackson*
_____
Edwina Jackson

*Plaintiff*

Dated: _____, 2025

_____
Amanda Maduike-Iwata

*Plaintiff*

Dated: _____, 2025

_____
Viridiana Tinajero Monterroza

*Plaintiff*

Dated: _____, 2025

**AHDOOT & WOLFSON, PC**

_____
Andrew W. Ferich

*Class Counsel for Plaintiffs*

29

Exhibit 1 - 58

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed:

Dated: _____, 2025

_____

Kathleen Jordan

*Plaintiff*

Dated: _____, 2025

_____

Marlo Eastman

*Plaintiff*

Dated: _____, 2025

_____

Edwina Jackson

*Plaintiff*

Dated: 12/16/2025 | 11:02 AM PST , 2025

Signed by:

_____

Amanda Maduike-Iwata

*Plaintiff*

Dated: _____, 2025

_____

Viridiana Tinajero Monterroza

*Plaintiff*

Dated: _____, 2025

**AHDOOT & WOLFSON, PC**

_____

Andrew W. Ferich

*Class Counsel for Plaintiffs*

29

Exhibit 1 - 59

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed:

Dated: _____, 2025

_____
Kathleen Jordan

*Plaintiff*

Dated: _____, 2025

_____
Marlo Eastman

*Plaintiff*

Dated: _____, 2025

_____
Edwina Jackson

*Plaintiff*

Dated: _____, 2025

_____
Amanda Maduike-Iwata

*Plaintiff*

Dated: ____12/16/2025____, 2025

_____
Viridiana Tinajero Monterroza

*Plaintiff*

Dated: _____, 2025

**AHDOOT & WOLFSON, PC**

_____
Andrew W. Ferich

*Class Counsel for Plaintiffs*

Exhibit 1 - 60

Dated: _____December 16__, 2025

**STRANCH, JENNINGS & GARVEY, PLLC**

_____
Andrew E. Mize

*Class Counsel for Plaintiffs*

Dated: _____, 2025

**FEDERMAN & SHERWOOD**

_____
Jessica A. Wilkes

*Class Counsel for Plaintiffs*

Dated: _December 18_____, 2025

**MILBERG LLC**

_____
Mariya Weekes

*Class Counsel for Plaintiffs*

Dated: _____, 2025

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**

_____
Nickolas J. Hagman

*Class Counsel for Plaintiffs*

Dated: __December 12, 2025 | 4:14 PM PST___, 2025

_____
Dave Drzewiecki

*On Behalf of Defendant Absolute Dental Group, LLC*

**WINSTON & STRAWN LLP**

30

Exhibit 1 - 61

Dated: _____, 2025                **STRANCH, JENNINGS & GARVEY, PLLC**

                                               _____
                                               Andrew E. Mize

                                               *Class Counsel for Plaintiffs*


Dated: __December 15__, 2025                   **FEDERMAN & SHERWOOD**

                                               _____
                                               Jessica A. Wilkes

                                               *Class Counsel for Plaintiffs*


Dated: _____, 2025                **MILBERG LLC**

                                               _____
                                               Mariya Weekes

                                               *Class Counsel for Plaintiffs*


Dated: _____, 2025                **CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**

                                               _____
                                               Nickolas J. Hagman

                                               *Class Counsel for Plaintiffs*


Dated: __December 12, 2025 | 4:14 PM PST__, 2025

                                               _____
                                               Dave Drzewiecki

                                               *On Behalf of Defendant Absolute Dental Group, LLC*


                                               **WINSTON & STRAWN LLP**

Exhibit 1 - 62

Dated: _____, 2025

**STRANCH, JENNINGS & GARVEY, PLLC**

_____
Andrew E. Mize

*Class Counsel for Plaintiffs*

Dated: _____, 2025

**FEDERMAN & SHERWOOD**

_____
Jessica A. Wilkes

*Class Counsel for Plaintiffs*

Dated: _____, 2025

**MILBERG LLC**

_____
Mariya Weekes

*Class Counsel for Plaintiffs*

Dated: ___December___17___, 2025

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**

_____
Nickolas J. Hagman

*Class Counsel for Plaintiffs*

Dated: __December 12, 2025 | 4:14 PM PST__, 2025

_____
Dave Drzewiecki

*On Behalf of Defendant Absolute Dental Group, LLC*

**WINSTON & STRAWN LLP**

30

Exhibit 1 - 63

Dated: _____Dec. 12_____, 2025

_____

Sean G. Wieber

*Counsel for Defendant Absolute Dental Group, LLC*

31

Exhibit 1 - 64

# EXHIBIT A

# Claim Form

Exhibit 1 - 65

<table>
<tr><td>

**Your claim must be postmarked by:**
**[Claims Deadline – 90 days from Notice Date]**

</td><td>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

*Jordan, et al. v. Absolute Dental Group, LLC, et al.*,
Case No. 2:25-cv-00986

</td><td>

**ABSOLUTE DENTAL DATA BREACH SETTLEMENT**

</td></tr>
</table>

# Claim Form

This claim form should be filled out online or submitted by mail if you previously received notice from Absolute Dental Group, LLC that your personal information may have been affected by a data incident involving Absolute Dental Group, LLC's network that occurred between February 19, 2025 and March 5, 2025 (the "Data Incident"), to receive a benefit from the Settlement.

You may be eligible to receive compensation for documented unreimbursed losses (maximum payment of $5,000.00; "Documented Loss Payment") from the proposed Settlement. You may also request to receive a *pro rata* cash settlement payment ("Cash Fund Payment"). The amount of the Cash Fund Payment will be calculated at the end of the settlement process. To receive a payment, you must complete and submit this Claim Form.

Instructions: Please complete this Claim Form in its entirety and attach any required documentation. Submit your Claim Form online at **www.xxxxxxxxxxxx.com** or by mailing it to the Settlement Administrator at the address below. Claim forms must be submitted online or postmarked by **Claims Deadline – 90 days from Notice Date.**

---

## I.  CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this form.  If you elect to receive a physical check, any payments provided under the Settlement Agreement will be sent by check to the indicated mailing address.

|  |  |
|---|---|
| **First Name** | **Last Name** |

| |
|---|
| **Street Address** |

|  |  |  |
|---|---|---|
| **City** | **State** | **Zip Code** |

|  |  |
|---|---|
| **Phone Number** | **Email Address** |

Exhibit 1 - 66

<table>
<tr><td>

**Your claim
must be
postmarked by:
[Claims
Deadline – 90
days from
Notice Date]**

</td><td>

UNITED STATES DISTRICT COURT
**DISTRICT OF NEVADA**

*Jordan, et al. v. Absolute Dental Group, LLC, et al.,*
Case No. 2:25-cv-00986

# Claim Form

</td><td>

**ABSOLUTE
DENTAL
DATA
BREACH
SETTLEMENT**

</td></tr>
</table>

## II.  DOCUMENTED LOSS PAYMENT

By checking the following boxes, you are attesting that the information is true and correct.

### Documented Losses Resulting from the Data Incident

Settlement Class Members who suffered unreimbursed losses that can be shown to have more likely than not been caused by the Data Incident, and who timely submit a valid claim supported by sufficient documentation, will be eligible for a payment of up to five thousand dollars ($5,000.00), but not more than the documented loss proven. These losses include (i) documented out-of-pocket expenses such as: (a) bank fees, (b) long-distance phone charges, (c) cell phone charges (only if charged by the minute), (d) data charges (only if charged based on the amount of data used), (e) postage, (f) gasoline for local travel; and (ii) documented fees for credit reports, credit monitoring, or other identity theft insurance products, and other losses resulting from the Data Incident.

☐   I incurred Documented Losses as a result of the Data Incident.

Total amount for this category: $ _____

☐   Check this box to confirm that you have not been reimbursed for these monetary losses and the losses are not already covered by one or more of the normal reimbursement categories.

☐   Check this box to confirm that you have made efforts to avoid, or you have sought reimbursement for, the losses, including but not limited to, exhaustion of all available credit monitoring insurance and identity theft insurance.

All Documented Losses must be attributable to the Data Incident.

Describe your Documented Losses below, including the date each loss was incurred, the amount, and its relation to the Data Incident.

_____
_____
_____
_____

**Supporting documentation must be provided**. Enclose or upload reasonable documentary proof of the Documented Losses you believe are attributable to the Data Incident. You may mark out any transactions that are not relevant to your claim before sending in the documentation.

Exhibit 1 - 67

<table>
<tr><td>

**Your claim must be postmarked by: [Claims Deadline – 90 days from Notice Date]**

</td><td>

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

*Jordan, et al. v. Absolute Dental Group, LLC, et al.*,
Case No. 2:25-cv-00986

# Claim Form

</td><td>

**ABSOLUTE DENTAL DATA BREACH SETTLEMENT**

</td></tr>
</table>

## III. *PRO RATA* CASH FUND PAYMENT

You may elect to claim a *pro rata* Cash Fund Payment from the Settlement. You may select this option regardless of if you submitted a claim for Documented Loss Payment

If you wish to receive a cash payment, check the box below.

☐   I would like to receive a *pro rata* Cash Fund Payment.

## IV. CALIFORNIA RESIDENTS

Class Members who resided in California at the time of the Data Breach (between February 19, 2025 and March 5, 2025), are eligible for additional relief under the terms of the Settlement Agreement.

If you were a California resident during the time of the Data Incident, please check the box below with the following attestation:

☐   I swear and affirm under penalty of perjury that I was a person who resided in California at the time of the Data Incident (between February 19, 2025 and March 5, 2025) and I would like to receive a *pro rata* cash payment in addition to the other relief available.

## V. PAYMENT OPTIONS

Please select from **one** of the following payment options:

☐ **PayPal** - Enter your PayPal email address: _____

☐ **Venmo -** Enter the mobile number associated with your account: __ __ __ -__ __ __ -__ __ __ __

☐ **Zelle -** Enter the mobile number or email address associated with your account:

Mobile Number: __ __ __ -__ __ __ -__ __ __ __    or Email Address: _____

☐ **Physical Check -** Payment will be mailed to the address you provided above.

Exhibit 1 - 68

<table>
<tr><td>

**Your claim
must be
postmarked by:
[Claims
Deadline – 90
days from
Notice Date]**

</td><td>

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

*Jordan, et al. v. Absolute Dental Group, LLC, et al.*,
Case No. 2:25-cv-00986

# Claim Form

</td><td>

**ABSOLUTE
DENTAL
DATA
BREACH
SETTLEMENT**

</td></tr>
</table>

## IX.  SIGN AND DATE YOUR CLAIM FORM

I declare under penalty of perjury under the laws of the United States and the state where this Claim Form is signed that the information supplied in/with this Claim Form is true and correct to the best of my knowledge.

I understand that I may be asked to provide supplemental information by the Settlement Administrator before my claim will be considered complete and valid.

_____                Date: _____
Your signature                                                        MM          DD          YYYY

_____
Your name

Once you've completed all applicable sections, please submit this Claim Form with your supporting documentation on
**www.xxxxxxxxxxxx .com** by **Claims Deadline – 90 days from Notice Date** or print and mail this Claim Form and the
required supporting documentation to the address provided below, postmarked by **Claims Deadline – 90 days from
Notice Date.**

**Absolute Dental Group, LLC Data Breach Settlement
c/o Settlement Administrator
[address]**

Exhibit 1 - 69

# EXHIBIT B

# Long-form Notice

Exhibit 1 - 70

*Jordan, et al. v. Absolute Dental Group, LLC*, et al., No. 2:25-cv-00986 (D. Nev.)

## If you received notice from Absolute Dental Group, LLC that your personal information may have been affected in a 2025 data incident, you could receive a payment from a class action settlement.

A federal court has authorized this notice. This is <u>not</u> a solicitation from a lawyer.

**Please read this notice carefully and completely; your legal rights are affected whether you act or don't act.**

### <u>THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY.</u>

- A Settlement has been proposed in a class action lawsuit against Absolute Dental, LLC ("Defendant" or "Absolute Dental"). The Settlement resolves claims brought by individuals impacted by a data incident that occurred between February 19, 2025 and March 5, 2025 (the "Data Incident") and may have involved your personal identifying information ("Personal Information"). This Settlement does not resolve any claims against Judge Consulting, Inc.

- You may be eligible to receive compensation for documented unreimbursed losses (maximum payment of $5,000; "Documented Loss Payment") from the proposed Settlement. You may also request to receive a *pro rata* cash settlement payment ("Cash Fund Payment"). The amount of the Cash Fund Payment will be calculated at the end of the settlement process. To receive a payment, you must complete and submit a "Claim Form."

- Please read this notice carefully. Your legal rights will be affected, and you have a choice to make now.

| Summary of Your Legal Rights and Options | | Deadline |
|---|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. | Must be submitted online or postmarked by **[Month Day 2025]**. |
| **EXCLUDE YOURSELF BY OPTING OUT** | You receive no benefit but preserve your right to file your own lawsuit against Absolute Dental for the same claims released by this Settlement. | Must be postmarked by **[Month Day, 2025]**. |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | Tell the Court the reasons why you do not believe the Settlement should be approved. You can also ask to speak to the Court at the hearing on **[at least 130 days from entry of Prelim Approval Order]**, about the fairness | Must be received by **[Month Day, 2025]**. |

Exhibit 1 - 71

| | of the Settlement, with or without your own attorney. | |
|---|---|---|
| **DO NOTHING** | Receive no payment and be bound by the terms of the Settlement. | None. |

- These rights and options—and the deadlines to exercise them—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement, after any appeals are resolved.

2

Exhibit 1 - 72

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ......................................................................................................... **5**

      1.      **Why did I get this notice?**
      2.      **What is this lawsuit about?**
      3.      **What is a class action?**
      4.      **Why is there a settlement?**

**WHO IS INCLUDED IN THE SETTLEMENT** ..................................................................... **6**

      5.      **Who is included in the settlement?**
      6.      **Are there exceptions to being included?**
      7.      **What should I do if I'm not sure whether I am included?**

**THE SETTLEMENT BENEFITS** ....................................................................................... **6**

      8.      **What does the Settlement provide?**
      9.      **What can I get from the Settlement?**
      10.    **What am I giving up if I stay in the class?**

**HOW TO GET A PAYMENT – MAKING A CLAIM** ........................................................ **7**

      11.    **How can I receive a payment?**
      12.    **How much will my payment be?**
      13.    **When will I receive my payment?**

**THE LAWYERS REPRESENTING YOU** ......................................................................... **8**

      14.    **Do I have a lawyer in this case?**
      15.    **Should I get my own lawyer?**
      16.    **How will the lawyers be paid?**

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ................................................. **8**

      17.    **How do I get out of the Settlement?**
      18.    **If I am a settlement class member and don't opt out, can I sue the Defendant for the same thing later?**
      19.    **What happens if I opt out?**

**COMMENTING ON OR OBJECTING TO THE SETTLEMENT** ................................... **9**

      20.    **How do I tell the Court I don't like the settlement?**
      21.    **What's the difference between objecting and opting out?**

Exhibit 1 - 73

**THE COURT'S FAIRNESS HEARING**................................................................................**11**

    **22.**    **When and where will the Court decide whether to approve the Settlement?**
    **23.**    **Do I have to come to the Fairness Hearing?**
    **24.**    **May I speak at the hearing?**

**IF I DO NOTHING**................................................................................**11**

    **25.**    **What happens if I do nothing at all?**

**GETTING MORE INFORMTION**................................................................................**12**

    **26.**    **Are more details about the Settlement available?**
    **27.**    **How do I get more information?**

Exhibit 1 - 74

## BASIC INFORMATION

**1.      Why did I get this notice?**

You are receiving this notice because your Personal Information may have been impacted in the Data Incident. A group of similarly situated individuals brought a proposed class action lawsuit against Absolute Dental in 2025, alleging that Absolute Dental did not implement and maintain adequate data security policies and procedures. Absolute Dental denies the allegations and denies that it would be found liable. The parties have now reached a proposed settlement of the lawsuit.

A court authorized this notice because you have a right to know about your rights under the proposed class action Settlement before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after objections and appeals are resolved, a Settlement Administrator appointed by the Court will make the payments that the Settlement allows, and the pending legal claims against Absolute Dental will be released and dismissed.

This package explains the lawsuit, the Settlement, your rights, what benefits are available, who is eligible for them, and how to get them. This case is pending before the United States District Court for the District of Nevada titled *Jordan, et al. v. Absolute Dental Group, LLC, et al.*, No. 2:25-cv-00986.

**2.      What is this lawsuit about?**

This matter is a putative class action (the "Action") arising from a Data Incident whereby a cybercriminal gained unauthorized access to Absolute Dental's data environment between February 19, 2025 and March 5, 2025, resulting in potential access to certain Personal Information. The Action asserts claims against Absolute Dental and Judge Consulting, Inc. for allegedly inadequate data security practices.

Absolute Dental denies any and all allegations of wrongdoing.

**3.      What is a class action?**

In a class action, one or more individuals called "Class Representatives" sue on behalf of themselves and others who have similar claims. The latter group of individuals is called the "class," and the individuals in the class are called "Settlement Class Members" or the "Settlement Class." One court resolves the issues for all Settlement Class Members, except for those individuals who exclude themselves from the class. The individuals who sued are called the Plaintiffs. The entity they sued—Absolute Dental—is called the Defendant.

**4.      Why is there a Settlement?**

The Court did not decide in favor of Plaintiffs or Absolute Dental. Instead, both sides agreed to a Settlement. That way, they avoid the costs and risks of a trial, and Settlement Class Members can receive benefits or compensation. The Class Representatives and Class Counsel believe the Settlement is in the best interest of the Settlement Class. This Settlement does not resolve any claims against Judge Consulting, Inc.

5

Exhibit 1 - 75

## WHO IS INCLUDED IN THE SETTLEMENT

**5.      Who is included in the Settlement?**

The Settlement Class is defined as "all living, natural persons residing in the United States whose Personal Information was potentially impacted in the Data Incident, including all persons who were sent notice of the Data Incident."

**6.      Are there exceptions to being included?**

Yes, the following are not included in the Settlement Class: (1) the judges presiding over the Action and members of their immediate families and their staff; (2) Absolute Dental, its subsidiaries, parent companies, successors, predecessors, and any entity in which Absolute Dental or its parents, have a controlling interest, and its current or former officers and directors; (3) Judge Consulting, Inc., its subsidiaries, parent companies, successors, predecessors, and any entity in which Judge Consulting, Inc. or its parents, have a controlling interest, and its current or former officers and directors; (4) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (5) the successors or assigns of any such excluded natural person.

**7.      What should I do if I am not sure whether I am included?**

If you are not sure whether you are included in the Settlement Class, you can ask for free help by calling the Settlement Administrator at **[phone number]** or you can visit www.**xxxxxxxxxxxx**.com for more information.

## THE SETTLEMENT BENEFITS

**8.      What does the Settlement provide?**

Under the Settlement, Absolute Dental will establish a settlement fund of $3,300,000. Absolute Dental has also agreed to maintain certain changes and enhancements designed to strengthen Absolute Dental's data and information security. The costs of these changes are made solely at Absolute Dental's expense.

**9.      What can I get from the Settlement?**

Settlement Class Members may file a claim for one or more of the following settlement benefits:

<u>Documented Loss Payment:</u> Settlement Class Members who suffered ordinary, unreimbursed losses that can be shown to have more likely than not been caused by the Data Incident, and who timely submit a valid claim supported by sufficient documentation, will be eligible for a payment of up to five thousand dollars ($5,000), but not more than the documented loss proven. These losses include (i) documented out-of-pocket expenses such as: (a) bank fees, (b) long-distance phone charges, (c) cell phone charges (only if charged by the minute), (d) data charges (only if charged based on the amount of data used), (e) postage, (f) gasoline for local travel; and (ii)

6

Exhibit 1 - 76

documented fees for credit reports, credit monitoring, or other identity theft insurance products, and other losses resulting from the Data Incident.

<u>Cash Payment:</u> In addition to the Documented Loss Payment Settlement Benefit, Class Members may submit a claim to receive a *pro rata* Settlement Payment in cash (i.e., a "Cash Fund Payment"). California Class Members may be entitled to additional relief under the terms of the Settlement, up to two times the Cash Fund Payment. You must have been resident in California, as shown by records available to Defendant, at the time of the Data Incident to be eligible for this payment.

## 10.    What am I giving up if I stay in the Class?

If you are a Settlement Class Member and you do not exclude yourself from the Settlement, you will give up your right to sue, continue to sue, or be part of any other lawsuit against Absolute Dental or other released parties concerning the claims released by this Settlement. This does not include any claims against Judge Consulting, Inc. The "Releases" section in the Settlement Agreement describes the legal claims that you give up if you remain in the Settlement Class. The entire text of the Settlement Agreement can be viewed at **www.xxxxxxxxxxxxxxxx.com.**

### HOW TO GET A PAYMENT – MAKING A CLAIM

## 11.    How can I receive a payment?

You must complete and submit a Claim Form by [**Claims Deadline – 90 days from Notice Date**]. Claim Forms may be submitted to the Settlement Administrator online at **www.xxxxxxxxxxxxx.com** or printed from the website and mailed to the Settlement Administrator at the address on the form.

Be sure to read the Claim Form instructions carefully, include all required information, and add your signature.

The Settlement Administrator will review your claim to determine the validity and amount of your payment.

## 12.    How much will my payment be?

The amount of your payment will depend on the approved amount of your claim and the total value of all approved claims.

For Documented Loss Payments, your claim must be reasonably documented—you must enclose or upload documentation sufficient to show (a) the amount of unreimbursed loss that you suffered, and (b) why you believe that the loss is reasonably attributable to the Data Incident in the case. Documents for financial expenses may include credit card or bank statements, emails, invoices, receipts, or telephone records, including photographs of the same. Personal statements or declarations are not considered reasonable documentation, but may be used to provide clarification, context, or support for other documentation.

Exhibit 1 - 77

The Cash Payments will be distributed on a *pro rata* basis, which will be determined by the number of valid and timely claims.

**13.    When will I receive my payment?**

The Court will hold a hearing on **[date]** at **[time]** to decide whether to approve the Settlement. Payments will be made after the Settlement is approved and becomes final (meaning there is no appeal from the order approving the Settlement). Updates regarding the Settlement will be posted on the "Settlement Website, **www.xxxxxxxxxxxx.com.**

<b>THE LAWYERS REPRESENTING YOU</b>

**14.    Do I have a lawyer in this case?**

The Court appointed Andrew W. Ferich of Ahdoot & Wolfson, PC, Andrew E. Mize of Stranch, Jennings & Garvey PLLC, Jessica A. Wilkes of Federman & Sherwood, Mariya Weekes of Milberg LLC, and Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP as attorneys to represent the Settlement Class. These lawyers are called Class Counsel.

**15.    Should I get my own lawyer?**

If you want your own lawyer, you may hire one, but you will be responsible for any payment for that lawyer's services. For example, you can ask your own lawyer to appear in court for you if you want someone other than Class Counsel to speak for you. You may also appear for yourself without a lawyer.

**16.    How will the lawyers be paid?**

The attorneys representing the Class have not yet received any payment for their legal services or any reimbursement of the costs or out-of-pocket expenses they have incurred. Class Counsel plans to ask the Court to award attorneys' fees from the total settlement compensation, as defined by the Settlement Agreement, not to exceed one-third of the Settlement Fund, or $1,100,000, and, in addition to the fee request, reimbursement of litigation costs and expenses.

The Settlement Class is represented by named individuals (the "Class Representatives"). In addition to the benefits that the Class Representatives will receive as members of the Settlement Class—and subject to the approval of the Court—Absolute Dental has agreed to pay $2,500 to each of the Class Representatives for the efforts they have expended on behalf of the Settlement Class.

The Court will determine whether to approve the amount of fees, costs and expenses requested by Class Counsel and the proposed Service Awards to the Class Representatives. Class Counsel will file an application for fees, expenses, and service awards no later than **[14 days before Objection Deadline].** The application will be available on the Settlement Website **www.xxxxxxxxxxxx.com** or you can request a copy by contacting the Settlement Administrator.

8

Exhibit 1 - 78

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**17.    How do I get out of the Settlement?**

If you are a Settlement Class Member and you do not want the benefits from the Settlement, and you want to keep your right, if any, to sue Defendant on your own about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself from— or "opting out" of—the Settlement Class.

If you want to opt out of the Settlement, you must do so by **[60 days from Notice Date].** To opt out, you must send a letter or postcard via U.S. mail to the address below. You must include the following in your letter or postcard:

- The name of this Action, or a decipherable approximation: *Jordan, et al. v. Absolute Dental Group, LLC, et al.*, No. 2:25-cv-00986 (D. Nev.);

- Your full name, address, telephone number, and signature;

- The words "Requests for Exclusion" at the top of the document or a statement that you want to opt out of the Settlement; and

- If you are filing a request for exclusion on behalf of an incapacitated or deceased Settlement Class Member for whom you are legally authorized to act, you must include your name, address, phone number, signature, and relationship to the Settlement Class Member, as well as that person's name and address.

You must mail your opt-out request via first-class U.S. Mail, postmarked no later than **[60 days from Notice Date]** to:

Absolute Dental Data Breach Settlement
c/o Settlement Administrator
[address]

If you fail to include the required information, your request will be deemed invalid and you will remain a Settlement Class Member and be bound by the Settlement, including all releases.

**18.    If I am a Settlement Class Member and don't opt out, can I sue Absolute Dental for the same thing later?**

No. You must opt out of the Settlement to keep your right to sue the Absolute Dental or other released parties for any of the claims released by the Settlement, as set out in full in the Settlement Agreement.

**19.    What happens if I opt out?**

If you opt out of the Settlement, you will not have any rights as a member of the Settlement Class. You will not receive a payment as part of the Settlement. You will not be bound by the Settlement,

Exhibit 1 - 79

releases in the Settlement Agreement, or by any further orders or judgments in this case. You will keep the right, if any, to sue on the claims alleged in the case at your own expense.

In addition, if you opt out of the Settlement, you cannot object to this Settlement because the Settlement no longer affects you. If you object to the Settlement and request to exclude yourself, your objection will be voided and you will be deemed to have excluded yourself.

**COMMENTING ON OR OBJECTING TO THE SETTLEMENT**

**20.    How do I tell the Court if I don't like the Settlement?**

If you are a Settlement Class Member and you do not opt out of the Settlement, you can object to the Settlement if you do not think it is fair, reasonable, or adequate. You can give reasons why you think the Court should not approve it. You can't ask the Court to change the Settlement or order a different settlement; the Court can only approve or deny this Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to any part of the proposed Settlement in writing. You may also appear at the "Fairness Hearing," either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

If you object in writing, you must include:

- the objector's full name, address, and telephone number;

- a statement that the objector believes himself or herself to be a member of the Settlement Class;

- proof that the objector is a member of the Settlement Class;

- the case name and docket number: *Jordan, et al. v. Absolute Dental Group, LLC, et al.*, No. 2:25-cv-00986 (D. Nev.);

- a written statement of all grounds for the objection, accompanied by any legal support for the objection that the objector believes applicable and any supporting documents;

- whether the objection is an objection to the Settlement in part or in whole;

- the identity of any and all counsel representing the objector in connection with the objection;

- a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past 5 years;

10

Exhibit 1 - 80

- a statement of whether the objector and/or his or her counsel will appear at the Fairness Hearing; and

- the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.

Any objection must be mailed to the Settlement Administrator at:

Absolute Dental Data Breach Settlement
c/o Settlement Administrator
[address]

In addition, the objection must be submitted to Class Counsel (as set forth below), and to the Court either by mailing them to: 333 Las Vegas Blvd. South, Las Vegas, Nevada 89101, or by filing it in person at the Courthouse.

The objection must be postmarked no later than **[date].**

### 21. What's the difference between objecting and opting out?

Objecting is telling the Court that you don't like something about the Settlement. You can object to the Settlement only if you are a Settlement Class Member and do not opt out of the Settlement. Opting out of the Settlement is telling the Court that you don't want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because it does not affect you.

## THE COURT'S FAIRNESS HEARING

### 22.    When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at **[time]** on **[date]**, at the Lloyd D. George Federal Courthouse located at 333 Las Vegas Blvd. South, Las Vegas, NV 89101. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate; Class Counsel's application for attorneys' fees, costs, and expenses; and whether to approve service awards to the Class Representatives. If there are objections, the Court will consider them. The Court may choose to hear from individuals who have asked to speak at the hearing. At or after the hearing, the Court will decide whether to approve the Settlement. There is no deadline by which the Court must make its decision.

The Court may reschedule the Fairness Hearing or change any of the deadlines described in this notice. The date of the Fairness Hearing may change without further notice to the Settlement Class Members. Be sure to check the website, **www.xxxxxxxxxxxxx.com** for updates. You can also access the case docket via the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.paed.uscourts.gov.

Class Counsel will file a motion for attorneys' fees, litigation expenses and costs, and payment of Service Awards by no later than **[14 days before the Objection Deadline]**. Objectors, if any, must

11

Exhibit 1 - 81

file any response to Class Counsel's motion by **[Objection Deadline – 60 days after Notice Date]**. Plaintiffs' motion for final settlement approval, and any responses to any objections, will be filed by **[14 days after the Objection Deadline]**.

**23.    Do I have to come to the Fairness Hearing?**

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you send an objection, you do not have to come to the hearing to talk about it. As long as you mailed or filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**24.    May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include a statement in your written objection (see Question 20) that you intend to appear at the hearing. Be sure to include your name, address, and signature as well. You cannot speak at the hearing if you opt out or exclude yourself from the Settlement Class.

**IF I DO NOTHING**

**25.    What happens if I do nothing at all?**

If you are a Settlement Class Member and do nothing, you will not receive any money from this Settlement, and you will not be able to sue the Absolute Dental or other released parties for the claims released by the Settlement Agreement.

**GETTING MORE INFORMATION**

**26.    Are more details about the Settlement available?**

This notice summarizes the proposed Settlement—more details are in the Settlement Agreement and other case documents available at **www.xxxxxxxxxxxx.com,** by accessing the docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.nvd.uscourts.gov/, or by visiting the office of the Clerk of the Court for the District Court for the Nevada, 333 Las Vegas Blvd. South, Las Vegas, NV 98101 between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**27.    How do I get more information?**

Visit the website, **www.xxxxxxxxxx.com** where you will find more information, including the Claim Form, a copy of the Settlement Agreement, and answers to questions about the Settlement and other information to help you determine whether you are eligible for a payment.

Contact the Settlement Administrator at **[phone number]** or by writing to the Settlement Administrator at:

Absolute Dental Data Breach Settlement
c/o Settlement Administrator

12

Exhibit 1 - 82

[address]

Contact Class Counsel at the following:

> Andrew W. Ferich
> **AHDOOT & WOLFSON, PC**
> 201 King of Prussia Road, Suite 650
> Radnor, Pennsylvania 19087
> Tel: (310) 474-9111
> aferich@ahdootwolfson.com
>
> Andrew E. Mize
> **STRANCH, JENNINGS & GARVEY, PLLC**
> 223 Rosa L. Parks Avenue, Suite 200
> Nashville, Tennessee 37203
> Tel: (615) 254-8801
> amize@stranchlaw.com
>
> Jessica A. Wilkes
> **FEDERMAN & SHERWOOD**
> 10205 North Pennsylvania Avenue
> Oklahoma City, OK 73120
> Tel: (405) 235-1560
> jaw@federmanlaw.com
>
> Mariya Weekes
> **MILBERG LLC**
> 201 Sevilla Avenue, 2nd Floor
> Coral Gables, FL 33134
> Tel: (786) 879-8200
> mweekes@milberg.com
>
> Nickolas J. Hagman
> **CAFFERTY CLOBES**
> **MERIWETHER & SPRENGEL LLP**
> 135 S. LaSalle, Suite 3210
> Chicago, Illinois 60603
> Tel: (312) 782-4880
> nhagman@caffertyclobes.com

**PLEASE DO NOT CONTACT THE COURT, THE COURT CLERK'S OFFICE, OR DEFENDANT TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

13

Exhibit 1 - 83

# EXHIBIT C

# Motion for Preliminary Approval - Proposed Order

Exhibit 1 - 84

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

KATHLEEN JORDAN, *et al.*, individually and
on behalf of all others similarly situated,

               Plaintiffs,

      v.

ABSOLUTE DENTAL GROUP, LLC, and
JUDGE CONSULTING, INC.,

               Defendants.

Case No. 2:25-cv-00986-JAD-DJA

CLASS ACTION

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

The Court, having considered all matters submitted to it at the preliminary approval hearing and otherwise, and finding no just reason for delay in entry of this Preliminary Approval Order,[1] and good cause appearing therefore, and having considered the papers filed and proceedings held in connection with the Settlement, having considered all the other files, records, and proceedings in the Action, and being otherwise fully advised,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

1.      The Settlement Agreement, attached to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval") is incorporated fully herein by reference.

2.      The Court has jurisdiction over the claims at issue in this lawsuit, Plaintiffs Kathleen Jordan, Marlo Eastman, Edwina Jackson, Amanda Maduike-Iwata, and Viridiana

---

[1] Unless otherwise indicated or defined separately herein, all capitalized terms share the same definitions as those terms are defined in the Settlement Agreement.

Exhibit 1 - 85

Tinajero Monterroza, individually and on behalf of all others similarly situated, and Defendant Absolute Dental Group, LLC (collectively, the "Parties").

3.      This Order is based on and governed by Fed. R. Civ. P. 23.

4.      The Court finds that the Parties' Settlement as set forth in **Exhibit 1** to Plaintiffs' motion for preliminary approval of the Class Action Settlement is fair, reasonable, and adequate, and falls within the range of possible approval, and was entered into after extensive, arm's-length negotiations, such that it is hereby preliminarily approved and notice of the Settlement should be provided to the Class.

## PROCEDURAL HISTORY

5.      This case arises from a Data Incident experienced by Absolute Dental between February 19, 2025 and March 5, 2025. During the Data Incident, an unauthorized third-party gained access to an Absolute Dental's information systems containing Class Members' Personal Information. The information potentially impacted may have included the data of approximately 1,223,437 individuals, of which a substantial majority are patients, former patients, or are or were otherwise affiliated with Absolute Dental.

6.      Beginning in June 2025, multiple putative class actions were filed in the United States District Court for District of Nevada and in Nevada state court asserting claims and seeking remedies relating to the Data Incident. Following voluntary dismissal of the state court actions, on June 25, 2025, Plaintiffs from those actions were added to a comprehensive First Amended Complaint in the Action. ECF No. 9. The Plaintiffs subsequently filed a Second Amended Complaint adding Judge Consulting, Inc. as a named defendant. ECF No. 48. Following the filing of the Second Amended Complaint, the Court entered an order Interim Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23(g). ECF No. 49.

Exhibit 1 - 86

7.    On October 29, 2025, the Parties engaged in a remote, all-day mediation session before Bennett G. Picker, Esq., of Stradley Ronon LLP. With the aid and assistance of the mediator, the Parties reached an agreement in principle to settle this matter as to Absolute Dental only, and thereafter they were able to finalize all the terms of this Settlement Agreement and related documents.

8.    The Plaintiffs filed the operative Third Amended Complaint on November 10, 2025, which asserts claims for negligence, negligence per se, breach of contract, breach of implied contract, unjust enrichment, breach of fiduciary duty, breach of confidence, invasion of privacy, violation of the Nevada Privacy of Information Collected on the Internet from Consumers Act, and seeks declaratory and injunctive relief. ECF No. 61.

## SETTLEMENT BENEFITS

9.    The Settlement negotiated on behalf of the Class provides for a $3,300,000 non-reversionary Settlement Fund that will be used to pay for Administrative Expenses, escrow fees, Taxes, and any court awarded Service Awards and Fee and Costs Award. The remaining amount, i.e., the Net Settlement Fund, will be used to pay for Approved Claims submitted by Class Members for Settlement Benefits. Class Members may submit a Claim Form for either or both of the following Settlement Benefits:

a.    Documented Losses Payment: Class Members may submit a Claim Form for a Documented Losses payments seeking up to $5,000 per Claimant for the reimbursement of Documented Losses supported by Reasonable Documentation. Documented Losses must be supported sufficiently to show that the claimed loss is more likely than traceable to the Data Incident. The Settlement Administrator will review these claims for compliance with the requirements of the Settlement Agreement. Any claim for a Documented Loss payment that is

Exhibit 1 - 87

rejected, if not timely cured, will instead be automatically placed into the Cash Fund Payment category below at the discretion of the Settlement Administrator.

b.  Cash Fund Payment: In addition to the Documented Loss payment Settlement Benefit, Class Members may submit a Claim Form to receive a *pro rata* Settlement Payment in cash ("Cash Fund Payment"). The actual amount a Class Member will receive for this option may be more or less depending on the number of Approved Claims submitted. Class Members who were residents of California at the time of the Data Incident may be eligible for additional relief, up to twice the Cash Fund Payment.

10.    In addition to the monetary Settlement Benefits, Absolute Dental has made changes and enhancements to its data and information security posture, at its expense and separate from the Settlement Fund, which are designed to strengthen Absolute Dental's data and information security. Absolute Dental has agreed to maintain these changes and enhancements for a three-year period.

11.    The Settlement Fund shall be used to make payments for the following: (i) Administrative Expenses; (ii) escrow fees;  (iii) attorneys' fees and litigation costs and expenses (i.e., the Fee and Costs Award); (iv) Approved Claims for Documented Losses payments, up to $5,000 per Claimant; (v) Approved Claims for Cash Fund Payments, to be paid on a *pro rata* basis; (v) any approved Service Awards; and (vi) Taxes.

12.    The Settlement Fund is non-reversionary. To the extent any monies remain in the Net Settlement Fund more than 120 days after the distribution of Settlement Payments, a subsequent Settlement Payment will be evenly made to all Class Members with Approved Claims for Cash Fund Payments who cashed or deposited the initial payment they received, assuming such payment is over $3.00. The distribution of this remaining Net Settlement Fund shall continue until

4

Exhibit 1 - 88

the average check or digital payment in a distribution is less than three dollars ($3.00), whereupon the amount remaining in the Net Settlement Fund, if any, shall be distributed to the Non-Profit Residual Recipient, the Electronic Frontier Foundation, a 26 U.S.C. § 501(c)(3) nonprofit organization.

## SETTLEMENT CLASS CERTIFICATION

13.    For purposes of settlement only, the Court provisionally certifies the Settlement Class, defined as follows:

> All living, natural persons residing in the United States whose Personal Information was potentially compromised in the Data Incident, including all persons who were sent notice of the Data Incident.

Excluded from the Settlement Class are: (1) the judges presiding over the Action and members of their immediate families and their staff; (2) Absolute Dental, its subsidiaries, parent companies, successors, predecessors, and any entity in which Absolute Dental or its parents, have a controlling interest, and its current or former officers and directors; (3) Judge Consulting, Inc., its subsidiaries, parent companies, successors, predecessors, and any entity in which Judge Consulting, Inc. or its parents, have a controlling interest, and its current or former officers and directors; (4) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (5) the successors or assigns of any such excluded natural person.

14.    The Court provisionally finds, pursuant Fed. R. Civ. P. 23(a) and (b), for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the Class Representatives' claims are typical of the claims of the Settlement Class; (d) the Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class; and (e) the Court finds that the questions of law or fact common to the Class Members

5

Exhibit 1 - 89

predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## CLASS COUNSEL AND THE CLASS REPRESENTATIVES

15.     Plaintiffs Kathleen Jordan, Marlo Eastman, Edwina Jackson, Amanda Maduike-Iwata, and Viridiana Tinajero Monterroza are hereby provisionally designated and appointed as the Class Representatives. The Court provisionally finds that the Class Representatives are similarly situated to absent Class Members and are typical of the Settlement Class, and, therefore, they will be adequate Class Representatives.

16.     The Court finds that Andrew W. Ferich of Ahdoot & Wolfson, PC, Andrew E. Mize of Stranch, Jennings & Garvey PLLC, Jessica A. Wilkes of Federman & Sherwood, Mariya Weekes of Milberg LLC, and Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP are experienced and adequate counsel, and are provisionally designated as Class Counsel.

## NOTICE TO SETTLEMENT CLASS

17.     No later than 35 days after the entry of the Preliminary Approval Order (i.e., the Notice Date), or such other time as may be ordered by the Court, the Settlement Administrator shall disseminate the Notice to the Settlement Class as follows:

    a.     For any Class Member for whom an email address is reasonably available, the Settlement Administrator will send the Summary Notice via email;

    b.     For any remaining Class Member, for whom a physical address is reasonably available, the Settlement Administrator will send the Summary Notice (in postcard form) by U.S. mail, postage prepaid;

    c.     At the direction and discretion of the Parties, the Settlement Administrator shall perform reasonable address traces for any postcard Summary Notices that are returned

Exhibit 1 - 90

as undeliverable. If the Parties elect remailing, then no later than 45 days before the original date set for the Final Approval Hearing, the Settlement Administrator shall complete the re-mailing of postcard Summary Notice to those Class Members whose new addresses were identified as of that time through address traces. The Parties have the discretion to elect alternative means of Class Member notice in lieu of re-mailing postcard notices; and

      d.     Neither the Parties nor the Settlement Administrator shall have any other obligation to re-mail individual notices that have been mailed.

18.     Within 14 days after entry of the Preliminary Approval Order, the Settlement Administrator shall cause the Settlement Website to be launched on the internet. The Settlement Administrator shall create, update, and maintain the Settlement Website. The Settlement Website shall contain information regarding how to submit Claim Forms (including submitting Claims Forms electronically through the Settlement Website) and relevant documents, including, but not limited to, the Long Form Notice, the Claim Form, this Agreement, the Preliminary Approval Order entered by the Court, and the operative complaint in the Action, and will (on its URL landing page) notify the Settlement Class of the date, time, and place of the Final Approval Hearing. The Settlement Website shall also provide the toll-free telephone number and mailing address through which Class Members may contact the Settlement Administrator directly.

19.     The Long Form Notice, Summary Notices (postcard Notice and email Notice), and Claim Form, attached as Exhibits B, D, E, and A, respectively, to the Settlement Agreement, are constitutionally adequate and are hereby approved. The Notice contains all essential elements required to satisfy federal statutory requirements and due process. The Court further finds that the form, content, and method of providing the Notice, as described in the Settlement Agreement, including the exhibits thereto: (a) constitute the best practicable notice to the Settlement Class; (b)

7

Exhibit 1 - 91

are reasonably calculated to apprise Class Members of the pendency of the Action, the terms of the Settlement, their rights under the Settlement, including, but not limited to, their rights to object to or exclude themselves from the Settlement; and (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members.

20.     The Notice Plan set forth in the Settlement Agreement provides the best notice practicable under the circumstances, and is hereby approved.

21.     The Settlement Administrator is directed to carry out Notice and the Notice Plan, as set forth in the Settlement Agreement.

## OPT-OUT AND OBJECTIONS

22.     Class Members may submit a request to opt-out or object to the Settlement within 60 days after the Notice Date. Any Class Member may submit a request to opt-out of the Settlement at any time during the Opt-Out Period by adhering to the requirements of Section 6.8 of the Settlement Agreement. Any individual in the Settlement Class who does not timely and validly request to opt-out shall be bound by the terms of the Settlement Agreement even if he or she does not submit a valid claim.

23.     Opt-outs may only be on an individual basis, and no person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs. Any Class Member who timely requests exclusion shall not: (i) be bound by any Final Approval Order or the Judgment; (ii) be entitled to the Settlement Benefits under the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement.

24.     Any Class Member who wishes to object shall submit a timely written notice of his or her objection by the Objection Deadline, which is within 60 days after the Notice Date. For an

8

Exhibit 1 - 92

objection to be considered by the Court, the objection must comply with all requirements set forth in Section 6.9 of the Settlement Agreement. All objections must be filed or postmarked on or before the Objection Deadline.

25.     Any Class Member who does not make their objections in the manner and by the date set forth in the last paragraph shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

26.     Without limiting the foregoing, any challenge to the Settlement Agreement, this Order Granting Preliminary Approval of the Class Action Settlement Agreement, and the Final Approval Order and Judgment shall be pursuant to the applicable appellate rules and not through a collateral attack.

## ADMINISTRATION OF SETTLEMENT

27.     The Class Representatives, Class Counsel, and Absolute Dental and its counsel have created a process for assessing the validity of claims and a payment methodology to Class Members who submit timely, valid Claim Forms. The Court hereby preliminarily approves the Settlement Benefits to the Settlement Class and the plan for distributing the Settlement Benefits as described in Section 3 of the Settlement Agreement.

28.     The Court appoints Epiq as Settlement Administrator.

29.     The Court directs that the Settlement Administrator effectuate the distribution of Settlement Benefits according to the terms of the Settlement Agreement, should the Settlement be finally approved.

Exhibit 1 - 93

30.     Class Members who qualify for Settlement Benefits and who wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice.

31.     If the Final Approval Order and Judgment are entered, all Class Members who fail to submit a claim in accordance with the requirements and procedures specified in the Notice, and who do not timely exclude themselves from the Settlement Class, shall be forever barred from receiving any payments or benefits pursuant to the Settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Final Approval Order and Judgment.

32.     The Settlement Fund shall be used by the Settlement Administrator to pay for: (1) Approved Claims; (2) any Service Awards awarded to the Class Representatives; (3) any attorneys' fees and costs and expenses awarded to Class Counsel (i.e., the Fee and Costs Award); (4) all Administrative Expenses; (5) applicable Taxes; and (6) escrow fees, pursuant to the terms and conditions of the Settlement Agreement.

## FINAL APPROVAL HEARING

33.     A Final Approval Hearing shall be held [no earlier than 130 days after entry of this Order] on _____, 2026 at 333 Las Vegas Blvd. South, Las Vegas, NV 89101, Courtroom ___ to be noticed on the Settlement Website.

34.     The Court may require or allow the Parties and any objectors to appear at the Final Approval Hearing either in person or by telephone or videoconference.

35.     At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order and Judgment, and whether to grant the motion for a Fee and Costs Award, and Service Awards. Such proposed Final Approval Order shall, among other things: (a)

Exhibit 1 - 94

Determine that the Settlement is fair, adequate, and reasonable; (b) Finally certify the Settlement Class for settlement purposes only; (c) Determine that the Notice Plan satisfies Due Process requirements; (d) Bar and enjoin all Releasing Parties from asserting any of the Released Claims at any time and in any jurisdiction, including during any appeal from the Final Approval Order, bar and enjoin all Releasing Parties from pursuing any Released Claims against Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order, and retain jurisdiction over the enforcement of the Court's injunctions; (e) Release Absolute Dental and the Released Parties from the Released Claims, which does not include a release of Defendant Judge Consulting, Inc. or any of the claims against it in this litigation; and (f) Reserve the Court's continuing and exclusive jurisdiction over the Parties to the Settlement Agreement, including Absolute Dental, Plaintiffs, all Class Members, and all objectors, to administer, supervise, construe, and enforce the Agreement in accordance with its terms.

36.    Class Counsel shall file a motion for attorneys' fees, litigation costs and expenses, and Class Representatives' requests for Service Awards no later than 14 days prior to the Objection Deadline.

37.    Class Counsel shall file a motion for final approval of the Settlement no later than 14 days after the Objection Deadline.

**TERMINATION**

38.    This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions, if the Settlement is not finally approved by the Court or is terminated in accordance with Section 10 of the Settlement Agreement.

Exhibit 1 - 95

39.    In the event this Agreement is terminated or fails to become effective, then the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement, and the parties shall jointly file a status report in the Court. In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in this case or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

40.    In the event the Settlement Agreement is terminated or fails to become effective, all funds in the Settlement Fund shall be promptly returned to Absolute Dental. However, Absolute Dental shall have no right to seek from Plaintiffs, Class Counsel, or the Settlement Administrator the Administrative Expenses paid by or on behalf of Absolute Dental. After payment of any Settlement Administration Costs that have been incurred and are due to be paid from the Settlement Fund, the Settlement Administrator shall promptly return the balance of the Settlement Fund to Absolute Dental following termination.

41.    In the event of a termination, the Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, Absolute Dental's, and Absolute Dental's Counsel's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all the Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved.

42.    In the event the Settlement is terminated in accordance with the provisions of the Agreement, any discussions, offers, or negotiations associated with the Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for

12

Exhibit 1 - 96

any purpose. In such event, all Parties to the Action shall stand in the same position as if the Agreement had not been negotiated, made, or filed with the Court.

43.     This order shall have no continuing force or effect if Judgment is not entered and shall not be construed or used as an admission, concession, or declaration by or against Absolute Dental of any fault, wrongdoing, breach, liability, or the certifiability of any class.

## **SUMMARY OF DEADLINES**

44.     The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement and this Order include, but are not limited to:

| | |
|---|---|
| Absolute Dental shall prepare and provide the Class List to the Settlement Administrator | 14 days after the Court enters the Preliminary Approval Order |
| Deadline to mail and email, publish Notices (i.e., the Notice Date) | No later than 35 days after the Court enters the Preliminary Approval Order |
| Deadline to File Motion for Fee and Costs Award, and Service Awards | At least 14 days prior to the Objection Deadline |
| Deadline to File Requests for Exclusion and Objections to Settlement | 60 days after the Notice Date |
| Deadline to file Motion for Final Approval of Settlement | Within 14 days after the Objection Deadline |
| Deadline to File Claim Form | 90 days after the Notice Date |
| Final Approval Hearing date | TBD [no earlier than 130 days after entry of the Preliminary Approval Order] |

**IT IS SO ORDERED, ADJUDGED, AND DECREED:**

Date: _____, 202_

_____
HON. JENNIFER A. DORSEY
U.S. DISTRICT COURT JUDGE

13

Exhibit 1 - 97

# EXHIBIT D

# Postcard Notice

Exhibit 1 - 98

Absolute Dental Data Incident Settlement
Settlement Administrator
[address]

PRESORTED
FIRST-CLASS MAIL
US POSTAGE
PAID

## NOTICE OF DATA BREACH CLASS ACTION SETTLEMENT

*Jordan, et al., v. Absolute Dental Group, LLC, et al.*
United States District Court for the District of Nevada
No. 2:25-cv-00986

**A SETTLEMENT HAS BEEN PROPOSED IN A CLASS ACTION LAWSUIT AND YOU MAY HAVE A RIGHT TO RECOVERY**

«IMbFullBarcodeEncoded»

«FirstName» «LastName» «BusinessName»
«Address1» «Address2»
«City», «State»  «Zip»

SIMID «SIMID»
«Barcode_Encoded_200653»

Exhibit 1 - 99

A Settlement has been proposed in a class action lawsuit against Absolute Dental Group, LLC ("Defendant" or "Absolute Dental"). The Settlement resolves claims brought by individuals potentially impacted by a data incident that occurred between February 19, 2025 and March 5, 2025 (the "Data Incident") and may have involved your personal identifying information ("Personal Information"). Defendant denies any allegation of wrongdoing.

**Who is included?** You are included in the Settlement as a "Settlement Class Member" because your Personal Information may have been affected in the Data Incident.

**What does the Settlement provide?** Under the Settlement, Absolute Dental will establish a settlement fund of $3,300,000 to pay for, among other things, Settlement Payments. Class Members can submit a Claim Form for a Documented Loss Payment of up to $5,000 per Claimant, which must be supported with Reasonable Documentation; **and/or** a *pro rata* Cash Fund Payment. Absolute Dental has also agreed to maintain certain changes and enhancements designed to strengthen Absolute Dental's data and information security.

**How can I get a payment?** You must complete and submit a Claim Form by [90 days after Notice Date]. You can file your claim online at **www.xxxxxxxxxxxxx.com,** or print a Claim Form from the website and mail it to the Settlement Administrator at the address on the form.

**What are my other options?** If you do nothing, your rights will be affected and you won't receive a payment. If you don't want to be legally bound by the Settlement, you must exclude yourself from it by [60 days after Notice Date]. Unless you exclude yourself, you won't be able to sue or continue to sue Absolute Dental for any claim made in this lawsuit or released by the Settlement Agreement. If you stay in the Settlement (i.e., don't exclude yourself), you may object to it or ask for permission for you or your lawyer to appear and speak at the hearing—at your own cost—but you don't have to. Objections and requests to appear are due by [60 days after Notice Date]. More information about these options is available at **www.xxxxxxxxxxx.com.**

**The Court's hearing.** The Court will hold a fairness hearing in this case, *Jordan, et al. v. Absolute Dental Group, LLC, et al.*, No. 2:25-cv-00986 (D. Nev), on [At least 130 days from entry of the Preliminary Approval Order]. At the hearing, the Court will decide whether to approve the Settlement, Class Counsel's request for attorneys' fees in an amount up to 1/3 of the Settlement Fund ($1,100,000) and, separately, litigation costs and expenses, and Service Awards to the Class Representatives (up to $2,500 per Class Representative).

**Questions?** Go to **www.xxxxxxxxxx.com** or call **1 [phone number]**

Exhibit 1 - 100

# EXHIBIT E

# Email Notice

Exhibit 1 - 101

TO:          [Class Member Email Address]
FROM:        "Absolute Dental Data Incident Settlement" <<[Insert]>>
SUBJECT:     Absolute Dental Group, LLC Data Incident Settlement – You are Eligible to File a Claim

---

**Class Member #:** << SIMID>>
**Unique ID:** <<Claim Login ID>>
**Claim Login PIN:** <<PIN>>

### NOTICE OF DATA INCIDENT CLASS ACTION SETTLEMENT

*Jordan, et al. v. Absolute Dental Group, LLC, et al.*
United States District Court for the District of Nevada
**No. 2:25-cv-00986**

**A SETTLEMENT HAS BEEN PROPOSED IN A CLASS ACTION LAWSUIT AND YOU MAY HAVE A RIGHT TO A PAYMENT**

*A court has authorized this notice. This is not a solicitation from a lawyer.*

***Please read this notice carefully and completely.***

Dear << FirstName >> << LastName >>:

A Settlement has been proposed in a class action lawsuit against Absolute Dental Group, LLC ("Defendant" or "Absolute Dental"). The Settlement resolves claims brought by individuals potentially impacted by a data incident that occurred between February 19, 2025 and March 5, 2025 (the "Data Incident") and may have involved your personal identifying information ("Personal Information"). Defendant denies any allegation of wrongdoing.

**Who's included?** You are included in the Settlement as a "Settlement Class Member" because your Personal Information may have been affected in the Data Incident.

**What does the Settlement provide?** Under the Settlement, Absolute Dental will establish a settlement fund of $3,300,000 to pay for, among other things, Settlement Payments. Class Members can submit a Claim Form for a Documented Loss payment of up to $5,000 per Claimant, which must be supported with Reasonable Documentation; **and/or** a *pro rata* Cash Fund Payment. Absolute Dental has also agreed to maintain certain changes and enhancements designed to strengthen Absolute Dental's data and information security.

**How can I get a payment?** You must complete and submit a Claim Form by [90 days from Notice Date]. You can file a claim online at **www.xxxxxxxxxxx.com** or print a Claim Form at the website and mail it to the Settlement Administrator at the address on the form.

**What are my other options?** If you do nothing, your rights will be affected, and you won't receive a payment. If you don't want to be legally bound by the Settlement, you must exclude yourself from it by [60 days from Notice Date]. Unless you exclude yourself, you won't be able to sue or continue to sue Absolute Dental for any claim made in this lawsuit or released by the Settlement Agreement. If you stay in the Settlement (i.e., don't exclude yourself), you may object to it or ask for permission for you or your lawyer to appear and speak at the hearing—at your own cost—but you don't have to. Objections and requests to appear are due by [60 days from Notice Date]. More information about these options is available at **www.xxxxxxxxx.com**.

**The Court's hearing.** The Court will hold a fairness hearing in this case, *Jordan, et al. v. Absolute Dental Group, LLC, et al.*, No. 2:25-cv-00986 (D. Nev), on [at least 130 days from entry of Preliminary Approval Order]. At the hearing, the Court will decide whether to approve the Settlement, Class Counsel's request for attorneys' fees in an amount up to one-third of the Settlement Fund ($1,100,000) and separately litigation costs and expenses, and Service Awards to the Class Representatives (up to $2,500 per Class Representative).

Exhibit 1 - 102

**Questions?** Go to www.xxxxxxxxxx.com or call **1 [number]**.

Exhibit 1 - 103