# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Kathleen Jordan, *et al.*, individually and on behalf of all others similarly situated,

Plaintiffs

v.

Absolute Dental Group, LLC, and Judge Consulting, Inc.,

Defendants

Case No. 2:25-cv-0986-JAD-DJA

**AMENDED***
**Order Granting Preliminary Approval of Class Action Settlement with Absolute Dental Group, LLC**

ECF No. 76

This is a putative class action against Absolute Dental Group, LLC and Judge Consulting, Inc., arising from an alleged data breach of Absolute Dental's information systems between February 19, 2025, and March 5, 2025.  After a mediation, the plaintiffs (through their court-appointed interim class counsel[1]) and Absolute Dental reached an agreement to settle the putative class's claims against Absolute Dental only; this proposed settlement does not include Judge Consulting, Inc., which has filed a still-pending motion to dismiss.[2]  Plaintiffs now move for preliminary approval of the settlement with Absolute Dental on a class basis under Federal Rule of Civil Procedure 23(e).[3]  Having heard oral argument on the motion for preliminary approval on March 4, 2026, and with good cause appearing, **the court GRANTS the motion [ECF No. 76]** and orders as follows:

---

[1] ECF No. 49 (order granting motion to appoint interim class counsel).

[2] ECF No. 68.  The court heard oral argument on this motion on March 4, 2026, and has taken that motion under advisement.  A written order will be issued at the court's earliest opportunity.

[3] ECF No. 76.  Judge Consulting did not file an opposition to the request, but it also does not affirmatively support it.  *See* ECF No. 79.

* Amended to correct typographical error in Final Fairness Hearing date.

1. The court finds that the settlement as set forth in the Class Action Settlement Agreement and Release at ECF No. 76-2 at 2–38 is fair, reasonable, and adequate, and falls within the range of possible approval, and was entered into after extensive, arm's-length negotiations, such that it is hereby preliminarily approved and notice of the settlement in the format provided at ECF No. 76-2 at 44–57 is directed to be provided to the class.

2. For purposes of settlement only, the court provisionally certifies the Absolute Dental Settlement Class, defined as follows:

> All living, natural persons residing in the United States whose Personal Information was potentially compromised in the Data Incident, including all persons who were sent notice of the Data Incident.

Excluded from the Absolute Dental Settlement Class are: (1) the judges presiding over the Action and members of their immediate families and their staff; (2) Absolute Dental, its subsidiaries, parent companies, successors, predecessors, and any entity in which Absolute Dental or its parents, have a controlling interest, and its current or former officers and directors; (3) Judge Consulting, Inc., its subsidiaries, parent companies, successors, predecessors, and any entity in which Judge Consulting, Inc. or its parents, have a controlling interest, and its current or former officers and directors; (4) natural persons who properly execute and submit a request for exclusion prior to the opt-out deadline; and (5) the successors or assigns of any such excluded natural person.

3. The court provisionally finds, under Federal Rule of Civil Procedure (FRCP) 23(a) and (b), for settlement purposes only, that: (a) the Absolute Dental Settlement Class (purported to be approximately 1,223,437 members large) is so numerous that joinder of all class members is impracticable; (b) there are questions of law and fact common to the Absolute Dental Settlement Class; (c) the class representatives' claims are typical of the claims of the settlement class; (d) the class representatives and class counsel will fairly and adequately protect the

interests of the Absolute Dental Settlement Class; and (e) the court finds that the questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4.      Plaintiffs Kathleen Jordan, Marlo Eastman, Edwina Jackson, Amanda Maduike-Iwata, and Viridiana Tinajero Monterroza are hereby provisionally designated and appointed as the **Class Representatives**, and the court provisionally finds that they are similarly situated to absent class members and are typical of the Absolute Dental Settlement Class, and, therefore, they will be adequate class representatives.

5.      The court finds that Andrew W. Ferich of Ahdoot & Wolfson, PC, Andrew E. Mize of Stranch, Jennings & Garvey PLLC, Jessica A. Wilkes of Federman & Sherwood, Mariya Weekes of Milberg LLC, and Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP are experienced and adequate counsel, and are provisionally designated as **Class Counsel**.

6.      The court appoints Epiq as **Settlement Administrator.**

7.      The Settlement Administrator must disseminate **notice** to the Absolute Dental Settlement Class as follows:

    a.      For any class member for whom an email address is reasonably available, the Settlement Administrator will send a summary notice via email in the format provided at ECF No. 77-2 at 76;

    b.      For any remaining class member for whom a physical address is reasonably available, the Settlement Administrator will send the postcard summary notice in the format provided at ECF No. 77-2 at 73–74 by U.S. mail, postage prepaid;

c.    At the direction and discretion of the parties, the Settlement Administrator must perform reasonable address traces for any postcard summary notices that are returned as undeliverable.  If the parties elect remailing, then no later than 45 days before the original date set for the final approval hearing, the Settlement Administrator must complete the re-mailing of postcard summary notice to those class members whose new addresses were identified as of that time through address traces.  The parties have the discretion to elect alternative means of class-member notice in lieu of re-mailing postcard notices; and

d.    Neither the parties nor the Settlement Administrator have any further obligation to re-mail individual notices that have been mailed.

8.    Within 14 days after entry of this order, the Settlement Administrator must cause the **Settlement Website** to be launched on the internet, which contains information regarding how to submit claim forms (including submitting claims forms electronically through the settlement website) and relevant documents including, but not limited to, the long-form notice, the claim form, the settlement agreement, a copy of this order, and the operative complaint in the Action, and must (on its URL landing page) notify the Absolute Dental Settlement Class of the date, time, and place of the final approval hearing.  The settlement website must also provide the toll-free telephone number and mailing address through which class members may contact the Settlement Administrator directly.

9.    The long-form notice, summary notices, and claim form, attached as Exhibits B, D, E, and A, respectively, to the settlement agreement, are constitutionally adequate and are hereby approved as they contain all essential elements required to satisfy federal statutory requirements and due process.  The court further finds that the form, content, and method of

providing the notice, as described in the settlement agreement, including the exhibits thereto: (a) constitute the best practicable notice to the Absolute Dental Settlement Class; (b) are reasonably calculated to apprise class members of the pendency of the Action, the terms of the settlement, their rights under the settlement, including, but not limited to, their rights to object to or exclude themselves from the settlement; and (c) are reasonable and constitute due, adequate, and sufficient notice to all class members.

10.    The notice plan set forth in the settlement agreement provides the best notice practicable under the circumstances, and is hereby approved.

11.    The Settlement Administrator is directed to carry out notice and the notice plan, as set forth in the settlement agreement.

12.    Class members may submit a request to **opt-out or object to the settlement by June 9, 2026.**  Any class member may submit a request to opt-out of the settlement at any time during the opt-out period by adhering to the requirements of Section 6.8 of the settlement agreement.  Any individual in the Absolute Dental Settlement Class who does not timely and validly request to opt-out must be bound by the terms of the settlement agreement even if he or she does not submit a valid claim.  Class members who do not make their objections in the manner and by the objection deadline will be deemed to have waived objection.

13.    Opt-outs may only be made on an individual basis, and no person may request to be excluded from the Absolute Dental Settlement Class through "mass" or "class" opt-outs.  Any class member who timely requests exclusion must not: (i) be bound by any final approval order or the judgment; (ii) be entitled to the settlement benefits under the settlement agreement; (iii) gain any rights by virtue of the settlement agreement; or (iv) be entitled to object to any aspect of the settlement agreement.

14.     Class members who qualify for, and wish to receive settlement benefits must **submit a claim form by June 18, 2026**, in compliance with the instructions in the notices.

15.     **A Final Approval Hearing will be held Thursday, July 30, 2026, at 10 a.m.** at the U.S. Courthouse located at 333 Las Vegas Blvd. South, Las Vegas, NV 89101, Courtroom 6D.  **This is an in-person hearing** and any appearances must be made in person.

16.     Class Counsel must **file motions** for final approval of the settlement, and any motion for attorneys' fees, costs, and service awards, **by June 26, 2026.**

### Schedule of Key Dates

| | |
|---|---|
| **Class List Deadline** (Absolute Dental must prepare and provide the Class List to the Settlement Administrator) | March 20, 2026 |
| **The Notice Date** (Deadline for Settlement Administrator to mail and email, publish notices) | April 10, 2026 |
| **Objection Deadline** (Deadline to File Requests for Exclusion and Objections to Settlement) | June 9, 2026 |
| **Deadline for Claimants to Submit Claim Forms** | June 18, 2026 |
| **Motion for fees, costs, and awards** (Deadline to File Motion for Fee and Costs Award, and Service Awards) | June 26, 2026 |
| **Final Approval Motion Filing Deadline** (Deadline to file Motion for Final Approval of Settlement) | June 26, 2026 |
| **Final Approval Hearing** | July 30, 2026 10:00 a.m. in Las Vegas, Nevada |

_____
U.S. District Judge Jennifer A. Dorsey
March 10, 2026

6