Andrew W. Ferich (*pro hac vice*)
AHDOOT & WOLFSON, PC
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Telephone: (310) 474-9111
Facsimile: (310) 474-8585
aferich@ahdootwolfson.com

*Counsel for Plaintiffs\**

Philip R. Erwin (Nev. Bar No. 11563)
CAMPBELL & WILLIAMS
710 South Seventh Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222
Fax: (702) 382-0540
pre@campbellandwilliams.com

*Counsel for Defendant Absolute Dental Group, LLC\**

Tabetha A. Martinez, Esq. (Nev. Bar No. 14237)
Susan E. Gillespie, Esq. (Nev. Bar No. 15227)
BURGER, MEYER & D'ANGELO, LLP
725 S. 8th Street, Suite 200 Las Vegas, NV 89101
Tel: (725) 208-3400
tmartinez@burgermeyer.com
sgillespie@burgermeyer.com

*Counsel for Defendant Judge Consulting, Inc.\**

*\*Additional counsel in signature block*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| KATHLEEN JORDAN et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ABSOLUTE DENTAL GROUP, LLC, and JUDGE CONSULTING, INC.,<br><br>Defendants. | Case No. 2:25-CV-00986-JAD-DJA<br><br>**THE PARTIES' JOINT STIPULATION AND PROPOSED ORDER TO LIFT STAY TO PERMIT DISCOVERY OF ABSOLUTE DENTAL**<br><br>ECF No. 97 |

Plaintiffs Kathleen Jordan et al. ("Plaintiffs"), Defendant Absolute Dental Group, LLC ("Absolute Dental"), and Defendant Judge Consulting, Inc. ("JCI," and together with Plaintiffs and Absolute Dental, the "Parties") jointly enter into this stipulation so that discovery of Absolute Dental can proceed. The Parties further stipulate that they will (1) conduct a Rule 26(f) conference that includes Absolute Dental and (2) file an amended or supplemental proposed joint scheduling order and discovery plan encompassing discovery of Absolute Dental.

In support of their stipulation, the Parties state as follows:

1.      This action was originally filed by Plaintiffs against Absolute Dental only. The initial Complaint asserted claims on behalf of a putative class relating to a February 2025 data security incident. *See* ECF No. 9 (First Amended Complaint).

2.      On September 17, 2025, Plaintiffs filed a Second Amended Complaint, asserting claims against Absolute Dental, as well as against JCI, who is Absolute Dental's former managed services provider. *See* ECF No. 48.

3.      On October 28, 2025, JCI moved to dismiss Plaintiffs' claims against it. *See* ECF No. 54.

4.      On October 30, 2025, Plaintiffs and Absolute Dental moved to stay the litigation as to Absolute Dental only. *See* ECF No. 55. In support of their motion, Plaintiffs and Absolute Dental represented that they had reached a settlement in principle encompassing the claims of Plaintiffs and the putative class against Absolute Dental (but not the claims against JCI). *Id.*

5.      On November 10, 2025, Plaintiffs filed a Third Amended Complaint, asserting claims against Absolute Dental and JCI. *See* ECF No. 61. On November 24, 2025, JCI filed a Motion to Dismiss the Third Amended Complaint in its entirety, pursuant to Rules of Civil Procedure 12(b)(6) and 12(b)(1). *See* ECF No. 68. That motion is fully briefed, was argued on March 4, 2026, and remains pending. *See* ECF No. 91.

6.      On December 4, 2025, the Court granted the stay motion. The full text of the Court's minute order is below:

> MINUTE ORDER IN CHAMBERS of the Honorable Judge Jennifer A. Dorsey on 12/4/2025 granting [55] Motion to Stay.

> The pending proposed settlement between the plaintiffs and defendant Absolute Dental Group, LLC, provides good cause to stay the litigation of the claims against it.  If defendant Judge Consulting, Inc. desires that Absolute continue to actively participate in this litigation, it can assert its own claims against Absolute, if appropriate, or pursue other available means of discovery; but that desire is not justification to deny the stay.  IT IS THEREFORE ORDERED that the Joint Motion to Stay the litigation as against Absolute Dental Group, LLC, only [55] is GRANTED; the litigation against Absolute ONLY is stayed pending resolution of the impending motion for class settlement.

ECF No. 70.

7.      On December 19, 2025, Plaintiffs moved for preliminary approval of the class settlement between Plaintiffs and Absolute Dental.  ECF No. 77.

8.      On February 26, 2026—with the Motion to Dismiss pending and in light of a deadline of January 5, 2027 deadline to complete fact discovery (*see* ECF No. 75)—JCI sent a First Set of Document Requests to Absolute Dental.

9.      On March 10, 2026, the Court granted preliminary approval of the class settlement, directing Plaintiffs to move for final approval of the settlement by June 26, 2026, and scheduling a final approval hearing for July 30, 2026.  *See* ECF No. 93.

10.     Three days later, JCI wrote to Absolute Dental to determine whether Absolute Dental would be responding to JCI's First Set of Document Requests.  Absolute Dental responded and informed JCI of its position that the stay remains in place until the Court rules on the motion for final approval of the class settlement.  JCI replied with its position that the stay had been lifted when the Court granted preliminary approval.  Accordingly, JCI and Absolute Dental had a good-faith dispute about the status and effect of the Court's December 4, 2025 Minute Order.

11.     On May 18, 2026, Judge filed a Motion to Compel, seeking an order that, among other things, compelled a production of documents responsive to JCI's First Set of Document Requests directed to Absolute Dental.  *See* ECF No. 94.  That motion was denied on May 20, 2026 under Local Rule 26-2(c) because there had been no telephonic meet and confer.  *See* ECF No. 95.

12.     Considering that (1) JCI's Motion to Dismiss the Third Amended Complaint remains pending, and (2) Plaintiffs and JCI have a deadline of January 5, 2027, to complete fact discovery, *see* ECF No. 75, Plaintiffs and JCI desire to seek discovery from Absolute Dental.  For its part, Absolute

Dental recognizes that it possesses potentially relevant documents or information, and Absolute Dental is willing to participate in discovery.

13. Absolute Dental's position is that the stay entered December 4, 2025, is still in effect and prohibits Absolute Dental from participating in discovery. JCI's position is that the stay is no longer in effect and that Absolute Dental is currently required to participate in discovery. The Parties are entering into this stipulation so that discovery of Absolute Dental can proceed without expending the resources of the Court and the Parties to resolve their dispute about the status and effect of the December 4, 2025 Minute Order.

14. Absolute Dental agrees to serve its responses and objections to JCI's First Set of Document Requests directed to Absolute Dental by June 26, 2026 (30 days from the May 27, 2026 meet-and-confer call between Absolute Dental and JCI).

15. In addition, the Parties agree to conduct a Rule 26(f) conference that includes Absolute Dental and to submit a supplemental or amended joint scheduling order and discovery plan that encompasses discovery of Absolute Dental. As noted above, Absolute Dental did not participate in the prior Rule 26(f) conference, and the current scheduling order and discovery plan do not contemplate Absolute Dental's involvement in discovery. *See* ECF No. 74 ("None of the following applies to the litigation and claims as against [Absolute Dental] . . . .").

16. Plaintiffs take no position with respect to any of the statements set forth in the foregoing paragraphs, but agree to join this stipulation and the request for the relief being sought by this stipulation.

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

WHEREFORE, the Parties stipulate that (1) Absolute Dental will participate in discovery in accordance with the Federal Rules of Civil Procedure, and to the extent the December 4, 2025 Minute Order still applies to discovery of Absolute Dental, any discovery stay is lifted; (2) the parties will conduct a Rule 26(f) conference that includes Absolute Dental; and (3) the parties will submit an amended or supplemental joint scheduling order and discovery plan as to discovery of Absolute Dental.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE

DATED:  6-9-26

THE PARTIES' JOINT STIPULATION TO LIFT STAY
CASE NO. 2:25-cv-00986-JAD-DJA

DATED this 9th day of June, 2026.

By: */s/ Andrew W. Ferich*

Andrew W. Ferich (*pro hac vice*)
AHDOOT & WOLFSON, PC
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Telephone: (310) 474-9111
Facsimile: (310) 474-8585
aferich@ahdootwolfson.com

Alyssa Brown (*pro hac vice*)
AHDOOT & WOLFSON, PC
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
Telephone: (310) 474-9111
Facsimile: (310) 474-8585
abrown@ahdootwolfson.com

Nathan R. Ring (Nevada Bar No. 12078)
STRANCH, JENNINGS & GARVEY, PLLC
3100 W. Charleston Blvd., Suite 208
Las Vegas, Nevada 89102
(725) 235-9750
nring@stranchlaw.com

Andrew E. Mize (*pro hac vice*)
STRANCH, JENNINGS & GARVEY, PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
amize@stranchlaw.com

Nickolas J. Hagman (*pro hac vice*)
CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP
135 S. LaSalle, Suite 3210
Chicago, Illinois 60603
Telephone: (312) 782-4880
Facsimile: (312) 782-4485
nhagman@caffertyclobes.com

6
THE PARTIES' JOINT STIPULATION TO LIFT STAY
CASE NO. 2:25-cv-00986-JAD-DJA

Mariya Weekes (*pro hac vice*)
MILBERG PLLC
333 SE 2nd Avenue, Suite 2000
Miami, FL, 33131
Tel: (786) 879-8200 / Fax: (786) 879-7520
mweekes@milberg.com

Jessica A. Wilkes
William B. Federman (*pro hac vice*
admission pending)
FEDERMAN & SHERWOOD
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
Tel: (405) 235-1560
jaw@federmanlaw.com
wbf@federmanlaw.com

*Class Counsel*

George Haines (Nev. Bar No. 9411)
Gerardo Avalos (Nev. Bar No. 15171)
FREEDOM LAW FIRM
8985 S. Eastern Avenue Suite 100
Las Vegas, NV 89123
Telephone: 702-880-5554
Email: info@freedomlegalteam.com

Patrick R. Leverty
Nevada Bar No. 8840
LEVERTY AND
ASSOCIATES LAW, CHTD.
832 Willow Street
Reno, NV 89503
(775)-322-6636
pat@levertylaw.com

*Additional Plaintiffs' Counsel*

By:   */s/ Philip R. Erwin*

Philip R. Erwin, Esq. (Nev. Bar No. 11563)
CAMPBELL & WILLIAMS
710 South Seventh Street, Suite A
Las Vegas, NV 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540
pre@cwlawlv.com

Sean G. Wieber (*pro hac vice*)
Kevin P. Simpson (*pro hac vice*)
James W. Randall (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
swieber@winston.com
kpsimpson@winston.com
jwrandall@winston.com

*Counsel for Defendant Absolute Dental Group
LLC*

THE PARTIES' JOINT STIPULATION TO LIFT STAY
CASE NO. 2:25-cv-00986-JAD-DJA

By:   */s/ Daniel S. Morris*

Tabetha A. Martinez, Esq. (Nev. Bar No. 14237)
Susan E. Gillespie, Esq. (Nev. Bar No. 15227)
BURGER, MEYER & D'ANGELO, LLP
725 S. 8th Street, Suite 200
Las Vegas, NV 89101
MAILING ADDRESS:
999 Corporate Dr., Suite 225
Ladera Ranch, CA 92694
Tel: (725) 208-3400
tmartinez@burgermeyer.com
sgillespie@burgermeyer.com

Daniel E. Rhynhart (*pro hac vice* to be submitted)
Philip N. Yannella *(pro hac vice)*
Daniel S. Morris (*pro hac vice*)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103-6998
Tel: (215) 569-5500
Fax: (215) 569-5555
Dan.Rhynhart@blankrome.com
Philip.Yannella@blankrome.com
Daniel.Morris@blankrome.com

*Counsel for Defendant Judge Consulting, Inc.*

THE PARTIES' JOINT STIPULATION TO LIFT STAY
CASE NO. 2:25-cv-00986-JAD-DJA