Nathan R. Ring, Nevada Bar No. 12078
**STRANCH, JENNINGS & GARVEY, PLLC**
3100 W. Charleston Blvd., Suite 208
Las Vegas, Nevada 89102
(725) 235-9750
nring@stranchlaw.com

*Class Counsel*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Kathleen Jordan, Mario Eastman, Edwina Jackson, Amanda Maduike-Iwataall, and Viridiana Tinajero Monterroza, all individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br>v.<br>Absolute Dental Group, LLC and Judge Consulting, Inc..,<br><br>Defendants | Case No. 2:25-cv-00986-JAD-DJA<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**<br><br>ECF Nos. 96, 102 |

On October 29, 2025, after extensive arms-length negotiations, and private mediation conducted before Bennett G. Picker, Esq., of Stradley Ronon LLP, Plaintiffs Kathleen Jordan, Marlo Eastman, Edwina Jackson, Amanda Maduike-Iwata, and Viridiana Tinajero Monterroza and Defendant Absolute Dental Group, LLC reached an agreement in principle to settle this matter as to Absolute Dental only (and not as to Judge Consulting, Inc. ("JCI"), who did not participate in mediation) and thereafter they finalized all the terms of a Settlement Agreement, which is subject to review under Fed. R. Civ. P. 23, for monetary damages as set forth in the Settlement Agreement.

On December 19, 2025, Plaintiffs filed the Settlement Agreement with the Unopposed Motion for Preliminary Approval of Class Action Settlement and Memorandum of Law. (ECF No. 76.)

On March 6, 2026, upon consideration of the Settlement Agreement, Motion for Preliminary Approval, and the record, the Court entered the Preliminary Approval Order (ECF No. 92 and, among other things, (i) provisionally certified the Settlement Class for settlement purposes; (ii) appointed the Plaintiffs as Class Representatives; (iii) appointed Andrew W. Ferich of Ahdoot & Wolfson, PC, Andrew E. Mize of Stranch, Jennings & Garvey PLLC, Jessica A. Wilkes of Federman & Sherwood, Mariya Weekes of Milberg LLC, and Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP as Class Counsel for the Settlement Class; (iv) approved the form of the Notices and the Notice Program; (v) approved the Claim Form and the Claim process; (vi) appointed Epiq Class Action & Claims Solutions, Inc. as the Settlement Administrator; (vii) established procedures and deadlines for members of the Settlement Class to opt-out of or object to the Settlement; and (viii) scheduled the Final Approval Hearing at which time the Court would consider whether to grant Final Approval of the Settlement and the Application for Attorneys' Fees, Costs and Service Awards. *Id.*

On June 26, 2026, Plaintiffs filed the Motion for Final Approval of Class Action Settlement (ECF No. 102), and Application for Attorneys' Fees, Costs, and Service Awards (ECF No. 96), seeking final approval of the proposed class action settlement and awards of attorneys' fees and costs to Class Counsel and Service Awards to the Class Representatives. The court conducted a hearing on those motions on July 31, 2026, at which Class Counsel appeared for the Plaintiffs and Settlement Class, and Defendant Absolute Dental's Counsel appeared for Defendant Absolute Dental. JCI did not appear.

Having reviewed and considered the settlement, the supporting papers filed by the parties, and the evidence and argument received by the court before entering the Preliminary Approval Order and at the Final Approval Hearing, **the Court GRANTS [ECF Nos. 96, 102] Final Approval of the Settlement and the Application** for Attorneys' Fees, Costs, and Service Awards, and **ORDERS as follows**:

725-235-9750
lasvegas@stranchlaw.com
STRANCH, JENNINGS & GARVEY PLLC
3100 W. Charleston Blvd., #208
Las Vegas, NV 89102

1. **<u>INCORPORATION OF DEFINED TERMS</u>**: This Order incorporates the definitions of all capitalized terms defined in Section 1 of the Settlement Agreement, and all capitalized terms used in this Order have the same meanings as set forth in the Settlement Agreement.

2. **<u>JURISDICTION</u>**: The Court has subject matter jurisdiction over the Action and personal jurisdiction over the Parties and Settlement Class Members.

3. **<u>NOTICE PROGRAM AND CLAIMS PROCESS</u>**: Pursuant to the Court's Preliminary Approval Order, the Settlement Administrator has complied with the approved Notice Program as confirmed in its declaration filed with the Court. The form and method for notifying the Settlement Class of the Settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the Notice Program was clearly designed to advise the Settlement Class members of their rights. Further, the Court finds that the Claim Process set forth in the Agreement was followed and that the process was the best practicable procedure under the circumstances.

4. **<u>FINAL CLASS CERTIFICATION</u>**: The Court again finds the Actions satisfy the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23 for the settlement with Absolute Dental ONLY, namely:

a. The Settlement Class Members are so numerous that joinder of all of them in the Lawsuit would be impracticable;

b. There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

c. The claims of Plaintiffs are typical of the claims of the Settlement Class Members;

d. Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all the Settlement Class Members; and

e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication.

725-235-9750
lasvegas@stranchlaw.com
PLLC
STRANCH, JENNINGS & GARVEY
3100 W. Charleston Blvd., #208
Las Vegas, NV 89102

5. **CERTIFICATION OF SETTLEMENT CLASS**: The Court finally certifies the following Absolute Dental Settlement Class:

> All living, natural persons residing in the United States whose Personal Information was potentially compromised in the Data Incident, including all persons who were sent notice of the Data Incident.

Excluded from the Absolute Dental Settlement Class are: (1) the judges presiding over the Action and members of their immediate families and their staff; (2) Absolute Dental, its subsidiaries, parent companies, successors, predecessors, and any entity in which Absolute Dental or its parents, have a controlling interest, and its current or former officers and directors; (3) JCI, its subsidiaries, parent companies, successors, predecessors, and any entity in which JCI or its parents, have a controlling interest, and its current or former officers and directors; (4) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period (listed on Exhibit A hereto); and (5) the successors or assigns of any such excluded natural person. This is a certified settlement class only and has no bearing on any future request for class certification of the claims against JCI.

6. **APPOINTMENTS**: Consistent with the Preliminary Approval Order, the Court hereby appoints the following as Class Representatives, Class Counsel, and Settlement Administrator:

a. Plaintiffs are appointed as Class Representatives;

b. Plaintiffs' counsel, Andrew E. Ferich, Andrew E. Mize, Jessica A. Wilkes, Mariya Weekes, and Nickolas J. Hagman are appointed as Class Counsel;

c. Epiq Class Action & Claims Solutions, Inc. is appointed as Settlement Administrator.

7. **SETTLEMENT TERMS REASONABLE**: The Court finds that the Settlement with Absolute Dental, on the terms and conditions in the Settlement Agreement, is fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class, applying the Fed. R. Civ. P. 23(e)(2) factors and Ninth Circuit's traditional *Churchill* factors.

8. **FINAL APPROVAL**: The Settlement Agreement, which has been filed with the Court and deemed incorporated herein, and the proposed Settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court.

9. **OPT-OUTS**: A list of the individuals who have opted-out of the Settlement is attached

725-235-9750
lasvegas@stranchlaw.com
SJG
STRANCH, JENNINGS & GARVEY PLLC
3100 W. Charleston Blvd., #208
Las Vegas, NV 89102

as Exhibit A. Those individuals are not bound by the Settlement Agreement or the Releases contained therein.

10. **OBJECTIONS**: The Settlement Class Members were given an opportunity to object to the Settlement. No Settlement Class Members filed objections.

11. **SETTLEMENT BINDING**: This Order is binding on all Settlement Class Members, except those individuals who validly and timely opted out as shown in Exhibit A.

12. **SERVICE AWARDS; ATTORNEYS' FEES AND COSTS**: Plaintiffs Kathleen Jordan, Marlo Eastman, Edwina Jackson, Amanda Maduike-Iwata, and Viridiana Tinajero Monterroza, in their individual capacity as Class Representatives, are awarded $2,500.00 each (for a total of $12,500). The Court finds the service awards to be reasonable after applying the factors in *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 946 (9th Cir. 2015).

Class Counsel are awarded $1,100,000.00 for attorneys' fees and reasonably incurred litigation expenses and costs. The Court evaluated Class Counsel's request using a common fund analysis, applying the factors set forth in *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002), and concludes that amount is fair and within the range of reason.

These payments shall be made from the Settlement Fund in accordance with the Settlement Agreement.

13. **VALID CLAIMS**: Based on the information presented to the Court, the claim process has proceeded as ordered and consistent with the Settlement Agreement and Preliminary Approval Order. The distribution plan for Settlement Benefits proposed by the Parties in the Settlement Agreement is fair, reasonable, and adequate. All Settlement Class Members who submitted Valid Claims shall receive their Settlement Benefits in accordance with the Settlement's terms. All Settlement Class Members who did not submit a Claim, or for whom the Claim is determined to be invalid, will nevertheless be bound by the terms of the Settlement and Releases therein.

14. **PAYMENT OF SETTLEMENT ADMINISTRATION COSTS**: The Parties are authorized to approve the payment of the Settlement Administration Costs to the Settlement Administrator from the Settlement Fund.

15. **RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT**: As of the Effective Date, Plaintiffs and all Settlement Class Members and Releasing Parties, and persons purporting to act on their behalf, are permanently barred and enjoined from commencing or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement, against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal. The Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

The Released Claims specifically do not include any claims against JCI or any entity other than Released Parties as defined in the Settlement Agreement.

16. **RESIDUAL FUNDS**: To the extent any monies remain in the Net Settlement Fund more than 120 days after the distribution of all Settlement Payments to the Settlement Class Members, the Court approves a subsequent Settlement Payment being made evenly to all Settlement Class Members with Approved Claims for Cash Fund Payments who cashed or deposited the initial payment they received, provided that the average check amount is equal to or greater than Three Dollars and No Cents ($3.00).

The Court approves the distribution of this remaining Net Settlement Fund shall continue until the average check or digital payment in a distribution is less than three dollars ($3.00), whereupon the amount remaining in the Net Settlement Fund, if any, shall be distributed to the Non-Profit Residual Recipient, the Electronic Frontier Foundation.

17. **JURISDICTION RETAINED**: The Court hereby retains and reserves jurisdiction over: (1) implementation of this Settlement and any distributions of Settlement Benefits to the Settlement Class Members; (2) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the

Settlement Agreement, including the exhibits appended thereto; and (3) all Parties, for the purpose of enforcing and administering the Settlement.

18. **EFFECTIVE DATE NOT OCCURING**: In the event the Effective Date of the Settlement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement, and this Order and any other order entered by this Court in accordance with the terms of the Settlement Agreement shall be vacated, *nunc pro tunc*. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any proceeding. The Action shall return to its status immediately prior to execution of the Settlement Agreement.

19. **DISMISSAL OF CLAIMS AGAINST ABSOLUTE DENTAL**: Based on the Settlement Agreement, IT IS ORDERED that **the claims against Absolute Dental Group, LLC in this Action are DISMISSED with prejudice**, each side to bear fees and costs under the terms of the settlement agreement, and **the Clerk of Court is directed to TERMINATE Absolute Dental Group, LLC as a party** to this case and ENTER PARTIAL FINAL JUDGMENT as to Dental Group, LLC only under Fed. R. Civ. P. 54(b) as there is no just reason for delay.

This case proceeds against remaining defendant JCI only.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: July 30, 2026

725-235-9750
lasvegas@stranchlaw.com

STRANCH, JENNINGS & GARVEY PLLC

SJG

3100 W. Charleston Blvd., #208
Las Vegas, NV 89102

**Exhibit A**
**Opt Outs**

**Exclusion Report (Successfully Completed)**
**7/29/2026**
**Absolute Dental**

| # | Epiq Tracking Number | Name |
|---|---|---|
| 1. | 416395 | Adam Daegorn |
| 2. | 416397 | Lisa Adrienne Daegorn |
| 3. | 608019 | Eric Maultsby |
| 4. | 993218 | Jeanette Schmeling |
| 5. | 127174 | Niyaa Buncch |
| 6. | 280356 | Macaria Garrett |